William W. YATES, Petitioner

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 2012.

Decided June 1, 2012.

David Crawley, Bellefonte, for petitioner.

Arthur R. Thomas, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, and SIMPSON, Judge, and COVEY, Judge.

OPINION BY Judge COVEY.

William W. Yates (Yates) appeals from the Board of Probation and Parole's (Board) October 7, 2011 denial of his petition for administrative review. The issues before this Court are: (1) whether the Board erred by deeming Yates a recommitted technical parole violator who is unavailable to serve backtime, and (2) whether the Board erred by recommitting Yates as a technical parole violator for 9 months when he only had 4 months and 28 days remaining on his original sentence. We vacate and remand.

Yates was serving time in state prison for a sentence imposed in 2001 (Case No. ES–3564), when he was released on parole in September 2002 (2001 sentence). In 2003, after pleading guilty to new crimes (Case No. GD–3118), he was sentenced to a term of 2 to 5 years in state prison (2003 sentence). As a result of his new crimes, he was recommitted on his 2001 state sentence to serve 12 months of backtime as a technical parole violator, and 12 months as a convicted parole violator, to be served concurrently. In 2004, he was reparoled from his 2001 sentence. In 2006, he was paroled from his 2003 sentence.

Yates was arrested on January 11, 2007 for new crimes (Case No. JK–9974) (2007 sentence). As a result, the Board recommitted Yates to state prison to serve 6 months of backtime on his 2003 sentence as a technical parole violator. Following his convictions for his new crimes, the Board recommitted Yates to serve 18 months of backtime on his 2003 sentence as a convicted parole violator.

On February 4, 2010, Yates was constructively reparoled from his 2003 sentence to serve his 2007 sentence. By notice of decision issued November 22, 2010,

the Board notified Yates that he would be paroled from his 2007 sentence "on or after 2/22/11 upon completion of programming as indicated by recent [Department of Corrections] assessment to a specialized community corrections center with violence prevention programming." Certified Record (C.R.) at 35–36.

On January 25, 2011, Yates was arrested and detained on a Board warrant for threatening community corrections staff, which was a violation of Condition 7 (successfully complete the community corrections program) of his 2003 constructive reparole. On January 31, 2011, Yates admitted to the violation, and waived his rights to a violation hearing, a preliminary hearing and a panel hearing. On April 26, 2011, the Board rescinded Yates' impending parole on his 2007 sentence.[1] By notice mailed May 17, 2011, the Board recommitted Yates as a technical parole violator to serve 9 months of backtime on his 2003 sentence when he became available, either by parole from or completion of his 2007 sentence. The May 17, 2011 notice stated that Yates' "parole violation max date is 6/23/11, subject to change." C.R. at 53.

Yates timely filed a petition for administrative review arguing that he was available to serve backtime on his 2003 sentence as of January 25, 2011, and that the Board improperly imposed backtime that exceeded his remaining sentence. On October 7, 2011, the Board denied Yates' appeal because Yates is not available to serve the 9 months until he is paroled from or completes his 2007 sentence, and the recommitment falls within the presumptive recommitment range for Yates' offense. Yates appealed to this Court.[2]

---

1. No appeal was taken from that order.

2. Our scope of review of the Board's decision denying administrative relief is limited to de-

■ Yates argues that the Board erred by deeming him a recommitted technical parole violator who is unavailable to serve the backtime until the 2007 sentence is fulfilled. At issue here is the order in which Yates' sentences and backtime are to be served. Specifically, whether Yates must first become available for parole or complete his 2007 sentence before he can serve his 2003 recommitment sentence. "Back-time is that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding ... that the parolee violated the terms and conditions of parole, and before the parolee begins to serve the new sentence." *Cimaszewski v. Pennsylvania Bd. of Prob. & Parole*, 582 Pa. 27, 33 n. 1, 868 A.2d 416, 419 n. 1 (2005) (quotation marks omitted).

■ Here, the Board's February 4, 2010 notice constructively reparoled Yates from his 2003 sentence and directed him to start serving his 2007 sentence stating, in relevant part: "You are reparoled to state detainer sentence." C.R. at 29, 31. This Court has defined "detainer sentence" as

a sentence, separate and distinct from that sentence the parolee is presently serving, which is noted on the parolee's institutional records to ensure that, after the parolee has completed his present term, he will be available to the authority which imposed the separate sentence for service of that separate sentence rather than being released from confinement.

*Weyand v. Pennsylvania Bd. of Prob. & Parole*, 94 Pa.Cmwlth. 32, 503 A.2d 80, 82 n. 5 (1986). When a prisoner is administratively paroled from one sentence and, rather than being released from prison, is immediately reentered to serve another sentence, he has been constructively paroled. *Hines v. Pennsylvania Bd. of Prob. & Parole*, 491 Pa. 142, 420 A.2d 381 (1980); *Calloway v. Pennsylvania Bd. of Prob. & Parole*, 857 A.2d 218 (Pa.Cmwlth.2004). "While still in prison, the prisoner is serving the detainer sentence and is considered 'at liberty on parole' from the initial sentence." *Weyand*, 503 A.2d at 85. Accordingly, Yates was serving his 2007 sentence when his January 25, 2011 technical violation occurred, resulting in the Board's May 17, 2011 order at issue here.

■ Section 6138(c) and (d) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(c), (d), sets forth when backtime for a technical parole violation must be served. Section 6138(c) provides, in pertinent part:

**(c) Technical violators.—**

**(1) A parolee under the jurisdiction of the board who is released from a correctional facility and who, during the period of parole, violates the terms and conditions of his parole,** other than by the commission of a new crime of which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere in a court of record, **may be recommitted after a hearing before the board.**

**(2) If the parolee is so recommitted, the parolee** shall be given credit for the time served on parole in good standing but with no credit for delinquent time and **may be reentered to serve the remainder of the original sentence or sentences.**

(3) The remainder shall be computed by the board from the time the parolee's delinquent conduct occurred for the

---

termining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated. *McNally v. Pennsylvania Bd. of Prob. & Parole*, 940 A.2d 1289 (Pa.Cmwlth.2008).

unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole. **The parolee shall serve the remainder so computed from the date the parolee is taken into custody on the warrant of the board.**

(Emphasis added). "Recommitment" has been specifically defined by the Pennsylvania Supreme Court as "an **administrative determination** that the parolee should be reentered to serve all or part of the unexpired term of his original sentence." *Rivenbark v. Pennsylvania Bd. of Prob. & Parole*, 509 Pa. 248, 253, 501 A.2d 1110, 1113 (1985) (emphasis added). Section 6138(d) of the Parole Code, 61 Pa.C.S. § 6138(d), specifically provides that "**upon recommitment** [, a technical parole violator] **shall be sent to the nearest State correctional institution for service of the remainder of the original term** . . . ." (Emphasis added). Section 6138(c) of the Parole Code does not address new sentences because a technical parole violator is not recommitted for anything other than violations of conditions of parole from the original sentence. *Jones v. Pennsylvania Bd. of Prob. & Parole*, 831 A.2d 162 (Pa. Cmwlth.2003). Thus, when a technical parole violator is recommitted to serve backtime on his original sentence, he shall be immediately reentered to serve that time, computed from the date the parolee is taken into custody on the Board's warrant.

Relying upon this Court's holding in *Weyand*, the Board held Yates' recommitment on his original 2003 sentence in abeyance pending Yates becoming available for parole or upon completion of his 2007 sentence. In *Weyand*, as in this case, the prisoner was subject to consecutive sentences, was constructively paroled from his original sentence and was serving time on a detainer sentence when he was recommitted as a technical parole violator to serve 9 months of backtime when he became available. However, in *Weyand*, **the prisoner had not served the minimum time of his current sentence** when he was recommitted as a technical parole violator. This Court held that Weyand was unavailable to serve the remainder of his original sentence because **he had not yet served the minimum term** of his detainer sentence. Since the Board does not have the authority to stop the clock on a judicially-imposed sentence before a prisoner has served his minimum term, the Board was without the authority to recommit him to immediately begin serving the backtime on his original sentence.

The Board argues that a similar decision by this Court is compelled here. In *Weyand*, the Board was constrained by Section 21 of the former Parole Act which, similar to Section 6137(a)(3) of the Parole Code, 61 Pa.C.S. § 6137(a)(3), authorizes the Board to parole a prisoner **only after** the minimum term of his imprisonment has expired.[3] Thus, because the prisoner in *Weyand* had **not** completed the minimum term of his detainer sentence, the Board could not immediately recommit him for the technical parole violation. *Weyand* is inapplicable, however, when a constructive parolee has served the minimum term of his detainer sentence, because the Board is authorized to and shall immediately reenter him to serve the backtime for a technical parole violation before completing his detainer sentence.

---

**3.** What was formerly known as the Parole Act was repealed on August 11, 2009, and was replaced by the Parole Code. Section 6137(a) of the Parole Code is substantially similar to Section 21 of the former Parole Act, Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, formerly 61 P.S. § 331.21, repealed by the Act of August 11, 2009, P.L. 147.

In this case, it is clear that Yates had served the minimum sentence for the 2007 crimes before the May 17, 2011 notice was issued by the Board. Although it is not specified in this record the exact date of when Yates had served the minimum of his 2007 sentence, it appears that he had served his minimum sentence on or before November 22, 2010, when the Board issued its notice of decision authorizing his parole.

Section 6137(a)(3) of the Parole Code, 61 Pa.C.S. § 6137(a)(3), states:

> The power to parole granted under this section to the board may not be exercised in the board's discretion at any time before, but **only after, the expiration of the minimum term of imprisonment fixed by the court in its sentence** or by the Board of Pardons in a sentence which has been reduced by commutation.

(Emphasis added). Section 63.1 of the Board's regulations, 37 Pa.Code § 63.1 states:

> (a) The Board may grant paroles of its own motion under section 22 of the Pennsylvania Board of Probation and Parole Law (61 P.S. § 331.22).[4]
>
> (b) Applications for parole may be submitted to the Board under section 22 of the Pennsylvania Board of Probation and Parole Law (61 P.S. § 331.22).
>
> (c) After review and consideration of each application, the Board will grant or deny approval to each applicant who is seeking parole.
>
> (d) **If the Board grants parole, notice of such action will be sent to the parolee, setting forth the effective date of parole. The date of parole may be postponed until a satisfactory plan is arranged for the parolee and approved by the Board.**

(Emphasis added). The Board's November 22, 2010 notice of decision stated:

> AS RECORDED ON NOVEMBER 22, 2010[,] THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
>
> FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT, **THE BOARD OF PROBATION AND PAROLE[,] IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOU ARE GRANTED PAROLE/REPAROLE.** THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:
>
> . . . .
>
> YOU ARE PAROLED ON OR AFTER 02/22/11 UPON COMPLETION OF PROGRAMMING AS INDICATED BY RECENT DOC ASSESSMENT TO A SPECIALIZED COMMUNITY CORRECTIONS CENTER WITH VIOLENCE PREVENTION PROGRAMMING. YOU SHALL ENTER INTO AND ACTIVELY PARTICIPATE IN THE COMMUNITY CORRECTIONS RESIDENCY UNTIL SUCCESSFULLY DISCHARGED. . . .

C.R. at 35–36 (emphasis added). Yates could not have been paroled on November 22, 2010, if he had not yet completed the minimum of his 2007 sentence. On this record, however, the exact date Yates completed his minimum term of his 2007 sentence is unclear.

If Yates completed the minimum of his 2007 sentence, what made the prisoner in *Weyand* unavailable to immediately serve

---

**4.** Section 22 of the former Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* former-ly 61 P.S. § 331.22, repealed by the Act of August 11, 2009, P.L. 147.

the backtime for his original sentence did not make Yates unavailable in this case. If *Weyand* does not apply here because Yates did complete his minimum term, the Board erred by deeming Yates a recommitted technical parole violator who is unavailable to serve his backtime until he is paroled from or completes his 2007 sentence. Because, however, the record does not state exactly when Yates fulfilled the minimum term of his 2007 sentence, we remand this matter to the Board to make that clarification.

       Yates also argues that the Board erred by recommitting him for 9 months when he only had 4 months and 28 days remaining on his 2003 sentence. We agree. The Board's May 17, 2011 notice recommitting Yates specifies that his "parole violation max date is 6/23/11, subject to change." C.R. at 53. There are only 4 months and 28 days (149 days) between Yates' January 25, 2011 arrest date and June 23, 2011, the remaining balance of his 2003 sentence. Although 9 months of backtime is within the presumptive range prescribed in the Board's regulations for a violation of Condition 7,[5] this Court has stated that "[w]hen imposing backtime, the [B]oard directs a parolee to complete the original judicially-mandated sentence, and does not impose any additional sentence...." *Epps v. Pennsylvania Bd. of Prob. & Parole*, 129 Pa.Cmwlth. 240, 565 A.2d 214, 217 (1989). Accordingly,

> [i]t is well-settled that the Board is not permitted to impose backtime which exceeds the entire remaining balance of parolee's unexpired term. The Board can only require that a parolee serve the remaining balance of his unexpired term

since the Board does not have the power to alter a judicially-imposed sentence. The Board must clarify its order when it decides to recommit a parolee for the balance of his unexpired term.

*Savage v. Pennsylvania Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa.Cmwlth. 2000) (citations omitted).

On August 25, 2011, the Board amended its May 17, 2011 notice "by deleting:— parole violation max date is 6/23/2011, subject to change." C.R. at 54. That notice does not make clear that Yates only has to serve the remainder of his 2003 sentence. In its denial of Yates' administrative appeal, the Board stated, "if Mr. Yates does not have nine months remaining on his sentence[,] when the Board issues a recalculation decision then he will not be required to serve that entire period." C.R. at 59. In its brief, the Board again concedes that Yates need not serve anything more than the balance of his unexpired term, stating, "[o]n remand the Board will assign a recommittal period that is equal to the unserved remainder of Yates' original sentence, 149 days...." Board Br. at 5; *see also* Board Br. at 1, 4. It is clear that the Board improperly imposed backtime that exceeded Yates' 2003 sentence and did not make clear to Yates until he took his administrative appeal that he would only have to serve the remainder of his unexpired term. The Board erred by recommitting Yates for 9 months.

The Board's October 7, 2011 denial of Yates' administrative appeal is vacated, and we remand to Board to establish the exact date Yates completed his 2007 mini-

---

**5.** Section 75.4 of the Board's regulations, 37 Pa.Code § 75.4, sets forth a presumptive recommitment range for violation of a special condition, like Condition 7, at 3 to 18 months. Our Supreme Court has held that "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." *Smith v. Pennsylvania Bd. of Prob. & Parole*, 524 Pa. 500, 504, 574 A.2d 558, 560 (1990).

mum sentence and for further disposition in accordance with this opinion.

### ORDER

AND NOW, this 1st day of June, 2012, the Pennsylvania Board of Probation and Parole's October 7, 2011 denial of Yates' administrative appeal is vacated, and we remand to Board to establish the exact date Yates completed his 2007 minimum sentence and for further disposition in accordance with this opinion.

Jurisdiction relinquished.