# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cornelius Edward McCray, Jr.,     :
                    :
              Petitioner     :
                    :
         v.                 :     No. 327 C.D. 2015
                    :
Pennsylvania Board of Probation     :     Submitted: September 11, 2015
and Parole,                    :
                    :
            Respondent     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**              **FILED: November 4, 2015**

Cornelius Edward McCray, Jr., petitions for review of an Order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. On appeal, McCray argues that the Board did not credit his original sentence with all the time to which he is entitled. Discerning no error, we affirm.

McCray was convicted of criminal charges in Bucks County on March 23, 2009 and sentenced to four to eight years' incarceration. McCray's original maximum sentence date was August 7, 2016. He was released on parole on

September 25, 2012. On June 4, 2013, McCray was arrested on new criminal charges in Montgomery County. These charges were docketed in the Court of Common Pleas of Montgomery County (Montgomery County) at CP #5311-2013 and McCray was immediately released on unsecured bond; however, he was taken into custody by his parole agent on June 5, 2013. On June 6, 2013, the Board issued a Warrant to Commit and Detain McCray as a technical parole violator and he was detained at SCI-Graterford solely on the Board's warrant.

On June 18, 2013, McCray was arrested while confined at SCI-Graterford and charged with DUI related offenses committed by him in Bucks County on May 24, 2013. These charges were docketed in the Court of Common Pleas of Bucks County (Bucks County) at CP #5207-2013 and the docket reflects that McCray did not post bail on these new charges. (Bucks County Docket, C.R. at 81-89.) On July 18, 2013, McCray appeared in Montgomery County and posted unsecured bail in the amount of $5,000. Thus, because McCray posted bail, he continued to be detained solely on the Board's warrant with respect to the Montgomery County charges.

On October 31, 2013, McCray pled guilty to the DUI charges lodged in Bucks County and was sentenced to serve 30 days to 6 months. In sentencing McCray, the sentencing judge also ordered that McCray be given credit for time served from June 6, 2013 to July 6, 2013 and that he "be presumptively paroled after successfully serving his minimum sentence." (Bucks County Sentencing Order, C.R. at 57.)

On November 4, 2013, McCray pled guilty to the criminal charges lodged in Montgomery County and was sentenced to serve not less than the time already served and no more than 12 months. The Montgomery County sentencing court specifically granted McCray 93 days' credit for time served from August 4, 2013 to November 4, 2013.

By Notice of Decision mailed April 18, 2014, the Board recommitted McCray to serve a total of 12 months backtime as both a technical and convicted parole violator and recalculated his parole violation maximum date as October 19, 2017. Thereafter, the Board issued three more notices modifying its actions and changing McCray's parole violation maximum date. The Notice of Decision relevant to the instant appeal was mailed January 26, 2015, wherein, due to a calculation error, the Board modified its prior actions and changed McCray's parole violation maximum date to May 13, 2017. (Notice of Decision, January 26, 2015, C.R. at 105.) In changing McCray's parole violation maximum date to May 13, 2017, the Board determined that McCray had forfeited the time he was at liberty on parole, credited McCray with 152 days from June 5, 2013 to November 4, 2013, and determined that McCray was available to commence service of his original sentence on November 30, 2013. (Order to Recommit, January 23, 2015, C.R. at 103.) The Board did not give McCray any credit toward his original sentence for the period from November 4, 2013 to November 30, 2013. Thus, McCray owed 1260 days on his original sentence, and adding 1260 days to November 30, 2013 resulted in a parole violation maximum date of May 13, 2017.

McCray filed a timely Administrative Remedies Form challenging the Board's recalculation of his parole violation maximum date as May 13, 2017. (Administrative Remedies Form, C.R. at 106-08.) Therein, McCray alleged that the Board did not properly credit him for all time served between June 5, 2013 and November 30, 2013. McCray asserted that he was available to begin serving his original sentence on November 4, 2013 because he was paroled at the time of sentencing in both Montgomery and Bucks counties; therefore, his parole violation maximum date is April 17, 2017.

By Order mailed February 24, 2015, the Board affirmed its January 26, 2015 Notice of Decision. (Board Order, C.R. at 115-16.) The Board explained that because it did not credit McCray with the time that he spent at liberty on parole, he had 1412 days remaining on his original sentence at the time he was paroled on September 25, 2012. The Board further explained that: (1) it credited McCray with 152 days on his original sentence for the time period that he was detained solely by the Board from June 5, 2013 through November 4, 2013; (2) subtracting 152 days from 1412 left 1260 days remaining to be served on McCray's original sentence; (3) McCray was paroled on November 4, 2013 from the Montgomery County sentence "based on the time served designation," but there was no evidence that McCray was paroled from the Bucks County sentence; and (4) McCray became available to begin serving his original sentence on November 30, 2013, the day that he completed his Bucks County sentence. (Board Order at 2, C.R. at 116.) McCray now petitions this Court for review of the Board's Order.[1]

---

[1] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of

*(Continued…)*

On appeal, McCray concedes that he had 1412 days remaining on his original sentence when he was released on parole on September 25, 2012 and that the Board correctly credited his original sentence with 152 days of pre-sentence confinement because he was detained solely by the Board's warrant from June 5, 2013 to November 4, 2013. (McCray's Br. at 11.) McCray asserts that the Board erred in determining that, on October 31, 2013, he began serving his Bucks County sentence and, therefore, was unavailable to begin serving his original sentence until November 30, 2013. McCray contends that the Bucks County sentencing order, entered October 31, 2013, unmistakably gave him 30 days of pre-sentence confinement credit from June 6, 2013 through July 6, 2013, which the Board refused to honor in determining that McCray was not available to begin serving his original sentence until November 30, 2013. Thus, McCray states that the sole issue in this appeal is whether he received "the necessary 30 days credit for time served on his Bucks County sentence at the time it was imposed so as to execute the presumptive parole provision of the sentencing order at the time of sentencing." (McCray's Br. at 11.)

In response, the Board asserts that McCray is not entitled to an additional 30 days credit on his original sentence. The Board argues that it is not required to offset the Bucks County sentencing court's credit error by giving unwarranted credit on McCray's original sentence.

---

law was committed, or constitutional rights have been violated." Yates v. Pennsylvania Board of Probation and Parole, 48 A.3d 496, 498 n.2 (Pa. Cmwlth. 2012).

It is now well-settled that all time spent by a parole violator "in confinement must be credited to either the" original sentence or the new sentence where the parole violator "is incarcerated on both a Board detainer warrant and new criminal charges." Martin v. Pennsylvania Board of Probation and Parole, 840 A.2d 299, 309 (Pa. 2003). Where a parole violator is incarcerated solely on a Board detainer warrant because he or she has satisfied bail requirements for a new criminal offense, the time spent in confinement must be credited to the parole violator's original sentence. Gaito v. Pennsylvania Board of Probation and Parole, 412 A.2d 568, 571 (Pa. 1980). If the parole violator does not post bail, the time spent in confinement must be credited to the new sentence. Id. However, a parole violator cannot seek credit from the Board on his or her original sentence in order to correct a sentencing error with regard to new criminal charges. Armbruster v. Pennsylvania Board of Probation and Parole, 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (citing McCray v. Pennsylvania Department of Corrections, 872 A.2d 1127, 1132-33 (Pa. 2005)). A parole violator's "remedy is in the trial court and through the direct appeal process." Id.

Here, the certified record in this matter shows that McCray was sentenced on October 31, 2013 in Bucks County to serve "not less than 30 days nor more than 6 mos." (Bucks County Sentencing Order, C.R. at 57.) The sentencing order also directed that McCray be given credit for time served from June 6, 2013 to July 6, 2013. The sentencing order directed further that McCray "is to be presumptively paroled after successfully serving his minimum sentence unless otherwise noted." (Bucks County Sentencing Order, C.R. at 57.) However, there is neither an indication in the sentencing order that, because McCray was awarded credit for

6

time served, the sentencing court determined that McCray had already served his entire minimum sentence and was, therefore, also paroled effective October 31, 2013, nor is there a separate order in the certified record or reflected on the docket sheets paroling McCray effective October 31, 2013. As such, it is unclear what the sentencing court meant when it issued its October 31, 2013 sentencing order and there is nothing in the record, particularly the docketing sheets, clarifying the sentencing order.[2] Thus, given the absence of a clear directive regarding parole in the sentencing order, the Board did not err in concluding that McCray was not paroled from his Bucks County sentence on October 31, 2013. Instead, based on the language of the sentencing order, it appears that McCray completed his Bucks County minimum sentence of 30 days on November 30, 2013, and became presumptively paroled. Any error regarding credit for time served on his new criminal Bucks County sentence that McCray believes occurred as a result of the sentencing order must be addressed by the Bucks County sentencing court because the Board "lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." McCray, 872 A.2d at 1132.

Accordingly, the Board did not err by concluding that McCray became available to commence service of his original sentence on November 30, 2013. Therefore, as calculated by the Board, McCray owed 1412 days on his original sentence for which the Board awarded him 152 days of credit, which left him with

---

[2] We note that although the sentencing court awarded McCray credit for time served from June 6, 2013 to July 6, 2013, it appears from the certified record in this matter that McCray was not arrested on the Bucks County charges until June 18, 2013. (Magisterial District Judge 07-2-08 Docket, C.R. at 79-80.) "Thus, like soothsayers scrutinizing the entrails of a goat, we are left to scour the record for indications of what" this sentencing order might mean. In re Grand Jury Subpoena, 274 F.3d 563, 569 (1st Cir. 2001).

7

a total of 1260 days remaining to be served. Adding 1260 days to McCray's availability date of November 30, 2013 yields a new parole violation maximum date of May 13, 2017.

For the foregoing reasons, the Board's Order denying McCray's request for administrative relief is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Cornelius Edward McCray, Jr., : 
                     :
               Petitioner : 
                     :
             v. : No. 327 C.D. 2015
                     :
Pennsylvania Board of Probation : 
and Parole, : 
                     :
              Respondent :

## **O R D E R**

    **NOW**, November 4, 2015, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**