# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Almodovar, : 
: 
          Petitioner : 
: 
          v. : No. 390 C.D. 2015
: 
Pennsylvania Board of Probation : Submitted: September 25, 2015
and Parole, : 
: 
          Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED: December 18, 2015**

Joseph Almodovar petitions this Court for review of an Order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. On appeal, Almodovar argues that the Board did not credit his original sentence with all the time to which he is entitled. Discerning no error, we affirm.

Almodovar was convicted of criminal charges in Philadelphia County on July 22, 2009 and sentenced to three to six years' incarceration. His original

maximum sentence date was October 15, 2014. Almodovar was released on parole on September 30, 2012. After violating the terms of his parole, on January 14, 2013, Almodovar was recommitted as a technical parole violator to serve six months in a state correctional institution; his parole violation maximum date remained October 15, 2014.

Almodovar was reparoled and released from incarceration on July 14, 2013. On August 30, 2013, he was arrested for criminal conspiracy, manufacture/delivery or possession with intent to deliver a controlled substance, and possession of a controlled substance. Although monetary bail was set, Almodovar did not post bail. The Board lodged a warrant to commit and detain Almodovar on August 31, 2013. On September 26, 2013, the Court of Common Pleas of Philadelphia County released Almodovar on his own recognizance. On March 11, 2014, Almodovar pled guilty to the aforementioned charges in Philadelphia County and was sentenced to serve 11.5 to 23 months. Because Almodovar was released on his own recognizance, between September 26, 2013, and March 11, 2014, he was being held solely on the Board's warrant.

By Notice of Decision mailed June 26, 2014, the Board recommitted Almodovar as "a convicted parole violator to serve [his] unexpired term, when available pending parole from (or completion of) [his] Philadelphia County sentence." (Notice of Board Decision, June 26, 2014, C.R. at 71.) On October 20, 2014, after serving his Philadelphia County sentence, Almodovar was returned to SCI-Frackville to serve the time on his original sentence. By Notice of Decision mailed January 12, 2015, the Board recalculated Almodovar's parole violation

maximum date from October 15, 2014 to November 22, 2015. Almodovar filed a timely Petition for Administrative Relief (Petition), challenging the Board's recalculation of his parole violation maximum date.

By Order mailed February 18, 2015, the Board denied Almodovar's Petition. The Board explained that when Almodovar was reparoled on July 14, 2013, his maximum sentence date was October 15, 2014; therefore, he had 458 days remaining on his original sentence. However, the Board further explained that: (1) as a convicted parole violator, Almodovar forfeited credit for the 106 days he spent at liberty on parole from September 30, 2012 to January 14, 2013; (2) adding 106 days to 458 resulted in a total of 564 days remaining; (3) because the Board's warrant was the sole reason for Almodovar's incarceration between September 26, 2013 and March 11, 2014 (166 days), he was entitled to credit for that period; (4) subtracting 166 from 564 days left 398 days remaining to be served on Almodovar's sentence; and (5) adding 398 days to October 20, 2014, which is the date that Almodovar became available to serve his original sentence, yields a parole violation maximum date of November 22, 2015. (Board Order, C.R. at 106-07.) Almodovar now petitions this Court for review of the Board's Order.[1]

On appeal, Almodovar argues that the Board erroneously recalculated his parole violation maximum date as November 22, 2015. Almodovar contends that he is entitled to credit from January 14, 2013, the date he was recommitted as a

---

[1] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." Yates v. Pennsylvania Board of Probation and Parole, 48 A.3d 496, 498 n.2 (Pa. Cmwlth. 2012).

technical parole violator, until August 30, 2013, the date he was arrested and unable to post bail on the new charges in Philadelphia County. In other words, Almodovar argues that he is entitled to credit of 228 days, which when subtracted from the recalculated parole violation maximum date of November 22, 2015, results in a parole violation maximum date of April 8, 2015.

In response, the Board avers that Almodovar's argument mischaracterizes the record. First, the Board maintains that Almodovar was, in fact, given credit for the time he was incarcerated as a technical parole violator between January 14, 2013, and July 14, 2013. Second, the Board maintains that Almodovar is not entitled to credit for the 47-day period between his reparole on July 14, 2013 and his arrest on August 30, 2013 as he was not incarcerated or detained during this period. The Board contends that the decision to deny an offender credit for time at liberty on parole is within the sound discretion of the Board. Therefore, the Board argues, it did not err in recalculating the new parole violation maximum date as November 22, 2015.

Where a parolee violates the terms or conditions of parole, the Board may order the parolee to be recommitted as a technical violator. Section 6138(c) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(c). In such circumstances, the parolee receives credit for time served in confinement as a technical violator, as well as for "time served on parole in good standing but with no credit for delinquent time." 61 Pa. C.S. § 6138(c)(2). However, where a parolee is recommitted as a convicted parole violator, the Board may, at its discretion, refuse to provide credit for time spent at liberty on parole. Section

4

6138(a)(2.1) of the Parole Code, 61 Pa. C.S. § 6138(a)(2.1).[2] Furthermore, a convicted parole violator who was previously recommitted as a technical violator may forfeit time credited toward an original sentence while at liberty on parole. Armbruster v. Pennsylvania Board of Probation and Parole, 919 A.2d 348, 351 (Pa. Cmwlth. 2007) (stating that "upon recommitment as a convicted parole violator, in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator"); see also Houser v. Pennsylvania Board of Probation and Parole, 682 A.2d 1365, 1368 (Pa. Cmwlth. 1996) (stating that a convicted parole violator "do[es] not receive credit for time served while at liberty on parole in good standing prior to technical violations when recommitted as a convicted parole violator[]").

Here, Almodovar was credited with all the time to which he is entitled. Almodovar's argument that the Board erred in failing to credit him with time

---

[2] Section 6138(a)(2.1) provides:

The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(2.1)

served between January 14, 2013 and August 30, 2013 belies the record and misstates the law. First, despite his assertion to the contrary, Almodovar received credit for the time he spent in confinement as a technical parole violator between January 14, 2013 and July 14, 2013. Upon his reparole on July 14, 2013, Almodovar's parole violation maximum date was October 15, 2014 – the same date as it was when he was originally paroled on September 30, 2012. Second, although Almodovar is correct that he did not receive credit for time spent at liberty on parole between July 14, 2013 and August 30, 2013, his argument that he is entitled to credit for that period is not persuasive. As a convicted parole violator, Almodovar is not entitled to credit for time served at liberty on parole. 61 Pa. C.S. § 6138(a)(2.1). Therefore, the Board did not err in refusing to provide Almodovar credit for the 47-day period between July 14, 2013 and August 30, 2013.

For the foregoing reasons, the Board's Order denying Almodovar's Petition is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Joseph Almodovar,          :
                                    :
               Petitioner      :
                                    :
              v.              :    No. 390 C.D. 2015
                                    :
Pennsylvania Board of Probation  :
and Parole,               :
                                    :
             Respondent   :

# **O R D E R**

**NOW**, December 18, 2015, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**