Dwayne Roberts, : 
                    Petitioner : 
                                             : 
          v. : 
                                             : 
Pennsylvania Parole Board, : No. 676 C.D. 2020
                    Respondent : Submitted: April 16, 2021


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED:  August 20, 2021


          Dwayne Roberts (Roberts) petitions *pro se* for review of an order of the
Pennsylvania Parole Board (Board) dated June 3, 2020, that denied his request for
administrative relief.  Roberts argues that the Board erred by recalculating his
maximum sentence date and denying him credit for time spent at liberty on parole.
Upon review, we affirm the Board's order.


## I. Background

          On May 10, 2012, Roberts received a sentence of one year and six
months to five years' incarceration for false identification to law enforcement and
conspiracy to commit possession of a controlled substance with intent to deliver.
*See* Certified Record (C.R.) at 1.  Roberts was granted parole on January 18, 2013,
and released on parole on April 9, 2013.  *See* C.R. at 4-11.  At the time of his release

on parole, Roberts' minimum sentence date was March 3, 2013, and his maximum sentence date was September 3, 2016. *See* C.R. at 1-2 & 6. Upon release, with the Board's permission, Roberts' supervision was transferred to New York State so he could reside with his brother.[1] *See* C.R. at 4.

On August 23, 2013, police in Elmira, New York, arrested Roberts for false identification to authorities. *See* C.R. at 42. As a result of this arrest, and for other persistent violations of the terms of his New York State parole, which he was serving concurrently with his Pennsylvania parole, Roberts was incarcerated until July 8, 2014, the maximum date of his underlying New York State sentence. *See* C.R. at 42. After his release, Roberts was allowed to continue living with his brother and serving his Pennsylvania parole under supervision in New York State. *See* C.R. at 42.

In September 2015, Roberts absconded from supervision. *See* C.R. at 20-26 & 36. On April 27, 2016, the Board declared Roberts delinquent effective September 1, 2015. *See* C.R. at 27. Thereafter, on June 27, 2017, Roberts was arrested in Elmira, New York, for criminal impersonation and as a fugitive from justice based on the Board's warrant. *See* C.R. at 28. Following this arrest, also on June 27, 2017, the Board issued a Warrant for Arrest of Paroled Prisoner that stated:

> Although [Roberts'] original maximum sentence was 9/3/2016, the maximum sentence is being extended due to a period of delinquency and a new conviction. The new maximum sentence will be computed upon recording of the Board's final action. [Roberts] owes approximately 3 years, 4 months, 24 days.

---

[1] The Board transferred Roberts' supervision to New York State pursuant to the Interstate Compact for the Supervision of Adult Offenders Act, 61 Pa.C.S. §§ 7111-7115 (Interstate Compact). The Interstate Compact is an agreement governing the movement, supervision, and rehabilitation of parolees and probationers between compacting states. *See* 61 Pa.C.S. § 7112.

C.R. at 29. On July 3, 2017, Roberts waived a probable cause hearing and admitted his New York State parole violations, including that he absconded as of September 1, 2015. *See* C.R. at 31-32. On July 7, 2017, Roberts pleaded guilty to the New York State charges[2] and was sentenced to 30 days' imprisonment. *See* C.R. at 33-35.

After the completion of this latest New York State sentence, Roberts returned to the custody of the Pennsylvania Department of Corrections (DOC) to face his outstanding parole violation. *See* C.R. at 52. On November 27, 2017, the Board recorded a decision that ordered Roberts recommitted as a technical parole violator (TPV) with a recalculated maximum sentence date of December 21, 2020,[3] and further ordered Roberts to serve six months concurrently as a convicted parole violator (CPV), for a total of six months' backtime.[4] *See* C.R. at 53-56. The Board

---

[2] Roberts pleaded guilty to criminal impersonation and a seatbelt violation. *See* C.R. at 33-35.

[3] We acknowledge that the December 21, 2020 recalculated maximum sentence date has passed. As a result, on June 24, 2021, this Court filed an order requiring the parties to submit memoranda of law addressing whether Roberts's claim is moot by virtue of the apparent completion of his recalculated maximum sentence date. *See* Order dated June 24, 2021 (June 2021 Order). In response to the June 2021 Order, the Board filed a Memorandum of Law which explained that, subsequent to the filing of the instant Petition for Review by Roberts and Certified Record by the Board, the Board again recommitted Roberts and recalculated his maximum sentence date based on new criminal conduct committed while on parole. *See* Memorandum of Law filed by the Board on July 8, 2021 (Board's Memorandum of Law), at 1-2 (pagination supplied). Accordingly, the matter is not moot. Roberts' request for an extension of time to file a brief on this subject is dismissed as we have decided the issue of mootness in his favor. *See* Roberts' Letter to Commonwealth Court dated, July 3, 2021.

[4] "Back[time] is that part of an existing judicially imposed sentence which the Board directs a parolee to complete following a finding . . . that the parolee violated the terms and conditions of parole . . . ." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 499 (Pa. Cmwlth. 2012); *see also* 37 Pa. Code § 61.1 (Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled.").

did not award Roberts credit for time spent at liberty on parole due to the similarity between his original Pennsylvania conviction and his latest New York State conviction and because Roberts had absconded from supervision. *See* C.R. at 56.

Roberts filed an administrative appeal[5] that sought to have the Board reconsider his recalculated maximum sentence and its decision not to award him credit for time spent at liberty on parole. *See* C.R. at 57-67. By letter dated June 3, 2020, the Board denied Robert's administrative appeal. *See* C.R. at 70-71. In affirming the November 27, 2017 Board action, the Board explained:

> The decision on whether to grant or deny a convicted parole violator credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa.C.S. § 6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman v.* [*Pennsylvania Board of Probation & Parole*, 159 A.3d 466, 474 (Pa. 2017),] the Board must articulate the basis for its decision to grant or deny a convicted parole violator credit for time spent at liberty on parole. In this case on your [B]oard decision recorded November 27, 2017[,] the Board articulated that you were denied credit because your new conviction was similar to your original conviction, and you absconded while under supervision. The record reflects that you were on parole for False Identification and your new conviction was for Criminal Impersonation. The record also reflects that you were

---

[5] Roberts forwarded two Administrative Remedies Forms regarding this administrative appeal. *See* C.R. at 57-67. On January 2, 2018, the Board received from Roberts an unsigned, undated Administrative Remedies Form that included a letter from Roberts to the Board as an attachment. *See* C.R. at 57-59. Thereafter, on January 5, 2018, the Board received a second unsigned and undated Administrative Remedies Form from Roberts including as attachments the letter to the Board included with the packet received by the Board on January 2, 2018, as well as a document dated December 22, 2017 and styled "Petition for Administrative Relief In Support of Pro Se Administrative Remedies Form." *See* C.R. at 60-67. For ease of disposition, we treat both filings collectively as a single administrative appeal.

4

> declared delinquent on September 1, 2015. Therefore, the
> reasons provided for not awarding you credit for the time
> you were at liberty on parole are sufficient.

C.R. at 70. Roberts appealed to this Court.

## II. Issues

On appeal,[6] Roberts contends the Board impermissibly altered a judicial sentence by recalculating his maximum sentence date. *See* Roberts' Br. at 5-8. He asserts the Board imposed backtime that exceeded the entire remaining balance of his original sentence. *See id.* at 6. He further argues the Board improperly failed to credit against his sentence the time he spent incarcerated in New York State and/or at liberty on parole. *See id.* at 7-8. Roberts is not entitled to relief on these claims.

## III. Discussion

### A. *Recalculation of Maximum Sentence Date*

Pennsylvania's General Assembly has expressly authorized the Board to recalculate the maximum date of a sentence beyond the original date, where such recalculation does not add to the total length of the sentence. *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (maximum length of sentence, not maximum date, is controlling); *Ruffin v. Pa. Bd. of Prob. & Parole*

---

[6] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *See Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

(Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017),[7] slip op. at 4. Such a recalculation accounts for periods during which a prisoner is not actually serving his sentence. *See Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018), slip op. at 6. In recalculating a maximum sentence date, the Board does not unconstitutionally usurp judicial sentencing power, and such recalculation does not violate a prisoner's due process rights. *See Ruffin*, slip op. at 4. Thus, to the extent Roberts suggests the Board lacked authority to recalculate his maximum sentence date, he is incorrect.

Additionally, our review of the record indicates that the period from August 23, 2013, through July 8, 2014, that Roberts spent incarcerated in New York State after his release on parole in April 2013 in the instant matter resulted from persistent violation of the terms of his separate but concurrent New York State parole and an arrest for a separate crime while under that supervision. *See* C.R. at 42 (Supervision History documenting Roberts' incarceration in New York State from his August 23, 2013 arrest for criminal impersonation through his release from custody upon the expiration of his maximum sentence for that crime on July 8, 2014). The Board extended Roberts' maximum sentence date based on these violations, to which Roberts admitted, without awarding Roberts credit on his Pennsylvania sentence for this period of incarceration. *See* C.R. at 29.

As this Court has observed:

> [A] parolee's sentence for a crime committed on parole
> must be served before he can serve the time remaining on
> the parolee's original sentence. A Pennsylvania court
> cannot order otherwise. Likewise, the Board cannot order

---

[7] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

> a recommitment sentence to run concurrently with a parolee's new sentence for an offense committed while on parole.

*Miller v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 821 C.D. 2018, filed May 6, 2019), slip op. at 4. Further, while another state is free to impose a sentence for a new crime that runs concurrent to an existing Pennsylvania sentence, the Board is not required to grant credit for time served in another state's prison system for that subsequent crime. *See id.*, slip op. at 5-6.

Roberts was not serving his Pennsylvania sentence during the period of incarceration for which Roberts seeks credit and was instead incarcerated on a new York State sentence for crimes and violations committed while on parole. *See* C.R. at 42. The Board lacked the power to allow Roberts to serve his Pennsylvania sentence concurrently with this new period of incarceration. *See Miller*, slip op. at 4-6. Therefore, we find no error in the Board's recalculation of Roberts' maximum sentence date without granting credit for Roberts' time spent incarcerated in New York State from August 2013 through July 2014.

## B. *Street Time Credit*

Parolees convicted of new criminal offenses committed while on parole are subject to recommitment as CPVs and may, in the Board's discretion, lose credit for *all* "time at liberty on parole," also known as "street time," upon recommitment. *See Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017); *see also* 61 Pa.C.S. § 6138(a)(1)-(2.1) (explaining that if the parolee is recommitted as a CPV, the parolee shall be given no credit for the time spent at liberty on parole unless the Board, in its discretion, decides to award the time as provided therein). When exercising its discretion to deny convicted parole violators street time credit, "the Board must provide a contemporaneous statement explaining its reason for denying

7

a [convicted parole violator] credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. However, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

Here, the Board exercised its discretion and denied Roberts credit for his street time for two reasons: (1) the similarity between his original Pennsylvania conviction and his latest New York State conviction; and (2) because Roberts absconded from supervision. *See* C.R. at 56. These reasons are adequate for the Board to exercise its discretion to not award Roberts street time. *See Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019) (Board's denial of credit for time spent at liberty on parole because new conviction was the "same/similar to the original offense" and parole resulted in an "early failure" after only eight months provided sufficient reason pursuant to *Pittman*); *Williams v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1243 C.D. 2018, filed Aug. 21, 2019), slip. op. at 6 ("new conviction same/similar to original offense" was a sufficient reason for denying street time pursuant to *Pittman* where the facts of record supported the reason, showing that the Board performed an individual assessment rather than simply restating facts); *Laffey v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 16 C.D. 2020, filed Oct. 14, 2020), slip op. at 3 ("absconded while on supervision" was adequate reason to deny parolee credit for time spent at liberty on parole); *King v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 875 C.D. 2019, filed Nov. 10, 2020), slip op. at 4 ("absconded while on supervision" and "prior history of supervision failures" sufficient contemporaneous reasons to support Board decision to deny street time credit). Thus, the Board did not err in denying Roberts a credit for time spent at liberty on parole.

8

## IV. Conclusion

For the above stated reasons, we affirm the Board's order denying Roberts' request for administrative relief.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne Roberts,                        :
           Petitioner          :
                               :
         v.                      :
                               :
Pennsylvania Parole Board,       :      No. 676 C.D. 2020
           Respondent      :

## O R D E R

AND NOW, this 20th day of August, 2021, the June 3, 2020 order of the Pennsylvania Parole Board is AFFIRMED.

Dwayne Roberts' request for an extension of time in which to file a memorandum of law regarding whether his claim is moot filed in this Court on July 14, 2021, is DISMISSED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge