IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Lee Powell,                     :
                    Petitioner         :
                                       :
          v.                           :
                                       :
Pennsylvania Parole Board,             :    No. 1306 C.D. 2023
                    Respondent         :    Submitted: October 8, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: November 15, 2024

          Joshua Lee Powell (Powell) petitions this Court for review of the
Pennsylvania Parole Board's (Board) October 27, 2023 decision denying his request
for administrative relief from the Board's February 21, 2023 decision (mailed
February 24, 2023) that recommitted him as a convicted parole violator (CPV) and
recalculated his maximum release date to May 25, 2025.  Powell presents two issues
for this Court's review: (1) whether the Board erred in its recalculation of his
maximum release date by setting a new maximum release date after his maximum
release date had expired; and (2) whether the Board erred by not awarding him credit
for the period of incarceration from February 16, 2021 until August 4, 2022.  After
review, this Court affirms.

          Powell is currently incarcerated at the State Correctional Institution
(SCI) at Huntingdon.[1]  On May 29, 2018, Powell pleaded guilty to multiple drug

_____

[1] *See* https://inmatelocator.cor.pa.gov/#/Result (last visited Nov. 14, 2024).

charges, firearm charges, and one count of criminal use of a communications facility for which the Centre County Common Pleas Court sentenced him to an aggregate term of three to six years of incarceration (Original Sentence). *See* Certified Record (C.R.) at 1. At that time, his maximum release date was August 4, 2022. *See id.* On May 9, 2019, the Board paroled Powell on or after August 4, 2019. *See* C.R. at 5. On August 7, 2019, the Board released Powell on parole. *See* C.R. at 7.

On November 4, 2019, the Board issued a warrant to commit and detain Powell in the Johnstown Community Corrections Center (CCC) (Warrant 1). *See* C.R. at 106, 107. On February 25, 2020, the Board released Warrant 1. *See* C.R. at 107. On June 23, 2020, the Board issued a warrant to commit and detain Powell in Tomorrow's Hope[2] (Warrant 2). *See* C.R. at 108, 109. On September 1, 2020, the Board released Warrant 2. *See* C.R. at 109. On February 12, 2021, the Department of Corrections (DOC) issued a warrant to commit and detain Powell based on his arrest for technical parole violations (Warrant 3). *See* C.R. at 112.

On February 18, 2021, the Logan Township Police Department arrested Powell on multiple drug offenses (New Charges). *See* C.R. at 67. On February 22, 2021, the Blair County Common Pleas Court set Powell's bail for the New Charges, which he did not post. *See* C.R. at 75. On August 4, 2022, DOC released Warrant 3 because Powell's maximum release date had expired. *See* C.R. at 111. On November 2, 2022, Powell pleaded guilty to the New Charges, and the Blair County Common Pleas Court sentenced him to two and one-half to five years of incarceration, followed by five years of probation (New Sentence). *See* C.R. at 60-65. On December 7, 2022, DOC issued a warrant to commit and detain Powell due to his conviction on the New Charges. *See* C.R. at 28.

---

[2] "Tomorrow's Hope is a traditional housing center for parolee residents from the Department of Corrections." https://tomorrowshopepa.com (last visited Nov. 4, 2024).

On January 18, 2023, the Board presented Powell with a Notice of Charges and Parole Revocation Hearing. *See* C.R. at 29. On February 13, 2023, the Board held a parole revocation hearing at which the Huntingdon County Public Defender's Office represented Powell. *See* C.R. at 39-58. That same day, the Board revoked Powell's parole and denied him credit (only for his current period at liberty on parole). *See* C.R. at 91-101. On February 21, 2023, the Board recommitted Powell as a CPV and recalculated his maximum release date to May 25, 2025. *See* C.R. at 112. On March 3, 2023, Powell appealed from the Board's decision. *See* C.R. at 116-121. On October 27, 2023, the Board affirmed its decision recorded on February 21, 2023 (mailed February 24, 2023). *See* C.R. at 132-134. Powell appealed to this Court.[3] By December 7, 2023 Order, this Court appointed the Huntingdon County Public Defender to represent Powell in this appeal.

Powell first argues that the Board erred in its calculation of his recalculated maximum release date by setting a new maximum release date after his Original Sentence maximum release date had expired. This Court has explained:

> When a parolee violates the terms and conditions of his parole, the Board may recommit him to serve all or part of the remainder of his original sentence. *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012). The time served on recommitment is known as backtime. *Id.* Thus, backtime cannot exceed the time remaining on the original judicial sentence. *Id.* By definition, when the Board imposes backtime, it does not alter a judicially[ ]imposed sentence; it simply requires the prisoner to serve some or all of the time remaining on the original sentence. *Id.* **The Board is authorized to recalculate the maximum date of a sentence beyond the original date where it is not adding to the total length of the sentence**.

---

[3] This Court's "review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence." *White v. Pa. Parole Bd.*, 276 A.3d 1247, 1255 n.7 (Pa. Cmwlth. 2022).

*Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2018) (maximum length of sentence, not maximum date, is controlling).

*Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 648 (Pa. Cmwlth. 2018) (emphasis added).

Here, the Board released Powell from an SCI on August 7, 2019, with a maximum release date of August 4, 2022. This left Powell with a total of 1,093 days remaining on his Original Sentence. In recalculating Powell's Original Sentence maximum release date, the Board did not add to his Original Sentence but, rather, ordered him to serve days he still owed on that sentence. *See Yates*. Accordingly, the Board did not err in its calculation of his Original Sentence maximum release date by setting a new maximum release date.

Powell next argues that the Board erred by not awarding him credit for his February 16, 2021 to August 4, 2022 incarceration period, because he was serving a technical parole violation and ultimately maxed out the parole time owed.

> It is well established that "time spent in custody pursuant to a detainer warrant shall be credited to a [CPV's] original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Barnes v. [Pa.] [Bd.] of Prob[.] [&] Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019) (quoting *Gaito v. [Pa.] [Bd.] of Prob[.] [&] Parole*, . . . 412 A.2d 568, 571 ([Pa.] 1980)). If the parolee "is being held in custody *solely* because of a detainer lodged by the [] Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Barnes*, 203 A.3d at 392 (quoting *Gaito*, 412 A.2d at 571) (emphasis in original). Conversely, **if a parolee "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence**." *Barnes*, 203 A.3d at 392 (quoting *Gaito*, 412 A.2d at 571).

4

*Ford v. Pa. Bd. of Prob. & Parole*, 226 A.3d 677, 680 (Pa. Cmwlth. 2020) (emphasis added).

Here, the Board explained its recalculation:

[T]he Board paroled [Powell] from a[n] [SCI] on August 7, 2019[,] with a max[imum release] date of August 4, 2022. This left [Powell] with a total of 1[,]093 days remaining on [his] sentence at the time of parole. The Board's decision to recommit [Powell] as a [CPV] authorized the recalculation of [his] sentence to reflect that [he] received no credit for the time [he was] at liberty on parole. [*See* Section 6138(a)(2) of the Prisons and Parole Code,] 61 Pa. C.S. § 6138(a)(2). In this case, the Board did not award credit for time at liberty on parole. However, [Powell] did receive confinement credit for the time [he was] incarcerated after diversion to the parole violator [CCC] from November 4, 2019 to February 25, 2020[,] (113 days) and from June 23, 2020 to September 1, 2020[,] (70 days). This means 1[,]093 - 113 - 70 = 910 days still remain[ed] on [Powell's Original S]entence based on [his] recommitment.

On February 12, 2021, [Powell] [was] arrested for technical parole violations and [DOC] issued a detainer. On February 22, 2021, [Powell] [was] criminally charged for new offenses out of Blair County. [Powell] did not post bail. After reaching [his] max[imum release] date, [] DOC released that detainer against [Powell] on August 4, 2022.

On November 2, 2022, [Powell] [was] sentenced in the Blair County Court of Common Pleas on CR-581-2021 (2 years, 6 months - 5 years [of] confinement; 5 years [of] probation; no further penalty). A new DOC detainer was re-lodged against [Powell] on December 7, 2022.

C.R. at 133.

The Board clarified Powell's recalculated maximum release date:

[Powell] [was] given backtime credit from **February 12, 2021 to February 22, 2021**[,] for a total of 10 days because the Board held [Powell] solely on its warrant. [*See*] *Gaito* . . . . When you subtract 10 days from 910,

5

there were 900 days remaining on [Powell's Original S]entence. In this case, December 7, 2022[,] [was Powell's] effective date of return because DOC re-lodged a warrant against [him] at that time. Adding 900 days to that date yields a new maximum [release] date of May 25, 2025.

C.R. at 133 (emphasis added). This Court discerns no error in the Board's recalculation of Powell's Original Sentence maximum release date. Because Powell was in custody solely on the Board's warrant from February 12, 2021 to February 22, 2021, that time in custody was properly credited to his Original Sentence. *See Ford.* Because Powell was in custody on both the Board's warrant and his New Charges from February 22, 2021 until August 4, 2022, that time in custody was properly credited to his New Sentence. *See id.* Accordingly, the Board did not err by not awarding Powell credit for his February 22, 2021 to August 4, 2022 incarceration period.

For all of the above reasons, the Board's decision is affirmed.

_____
ANNE E. COVEY, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Lee Powell,           :
           Petitioner        :
                            :
         v.                    :
                            :
Pennsylvania Parole Board,    :    No. 1306 C.D. 2023
           Respondent    :

## O R D E R

AND NOW, this 15th day of November, 2024, the Pennsylvania Parole Board's October 27, 2023 decision is affirmed.

_____
ANNE E. COVEY, Judge