IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Hughes,                       :
                                          :
                    Petitioner            :
                                          :
          v.                              : No. 433 C.D. 2017
                                          : Submitted: October 6, 2017
Pennsylvania Board                        :
of Probation and Parole,                  :
                                          :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. WESLEY OLER, Jr., Senior Judge


OPINION BY JUDGE WOJCIK                        FILED:  February 14, 2018


          Christopher Hughes petitions for review of the Pennsylvania Board of
Probation and Parole's (Board) March 6, 2017 decision denying his request for
administrative relief and affirming the Board's March 8, 2016 order recommitting
Hughes as a convicted parole violator (CPV) and recalculating his parole violation
maximum date.  Appointed counsel, David Crowley, Esq. (Counsel) has filed an
application to withdraw as counsel, asserting that Hughes' petition for review is
meritless.  We grant Counsel's application and affirm the Board's decision.

          On February 1, 2012, Hughes was sentenced to a 2- to 5-year term with
a minimum expiration date of December 27, 2013, and a maximum expiration date
of December 27, 2016.  Certified Record (C.R.) at 12-13.  On December 29, 2013,
Hughes was released on parole.  *Id.*  Upon his release, Hughes signed the following
acknowledgement:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled or reparoled, with no credit for time at liberty on parole.

C.R. at 14; Section 6138(a) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a).

On August 18, 2014, Hughes was arrested in Lackawanna County on drug-related charges and held in lieu of $50,000 bail, which was never posted. C.R. at 17-20, 31. The Board issued a detainer warrant that same date. C.R. at 21. After Hughes entered a guilty plea, he waived his right to a revocation hearing and was recommitted as a CPV to serve 18 months backtime when available. C.R. at 24-25, 52-61. He filed a *pro se* administrative appeal from that decision on April 24, 2015. C.R. at 64-66. The Board affirmed its decision on June 29, 2015, and Hughes did not appeal. C.R. at 70-71.

On September 10, 2015, following the withdrawal and re-entry of his guilty plea, Hughes was sentenced to a term of 18 to 36 months, followed by 3 years of special probation. C.R. at 79. He again waived his right to a revocation hearing. C.R. at 85-86. The Board rescinded its prior action and recommitted Hughes as a CPV to serve 18 months backtime, establishing a new maximum parole date of November 1, 2018. C.R. at 87-99.

Hughes filed an administrative appeal, asserting, among other things, that the Board impermissibly exceeded the judicially-imposed maximum sentence date when it recalculated his maximum date for release on parole. C.R. at 101-105. In its March 6, 2017 determination, the Board denied Hughes' appeal, C.R. at 110,

and Hughes filed a petition for review with this Court.[1]  Thereafter, Counsel filed an application to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967),[2] contending that the appeal is meritless.

When a court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel: (1)  notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of an *Anders* brief or a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988);[3] and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf.  *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013).  Once appointed counsel has fully complied with the technical requirements for withdrawal, the Court will independently review the merits of the petitioner's claims.  *Id.* at 70.

In this appeal, Hughes had a statutory right to counsel, and Counsel was only

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence.  *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

[3] In *Turner*, our Supreme Court held that counsel seeking to withdraw from a case in which the right to counsel does not derive from the United States Constitution may provide a "no-merit letter," which details the nature and extent of the attorney's review, identifies each issue the petitioner wishes to raise, and explains why counsel concludes those issues are meritless.  544 A.2d at 928.

required to submit a no-merit letter in support of the petition to withdraw. A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. *Miskovitch*, 77 A.3d at 69-70. Where a no-merit letter is sufficient but counsel has instead chosen to submit an *Anders* brief, we apply the lack of merit standard. 77 A.3d at 70.

The record reflects that Counsel informed Hughes of Counsel's request to withdraw; provided Hughes with a copy of the *Anders* brief that details Counsel's review of the issues and the reasons why Counsel concluded those issues are meritless; and advised Hughes of his right to retain new counsel or raise any new points he might deem worthy of consideration. Because Counsel has satisfied the procedural requirements for withdrawal, the Court will independently review the merits of Hughes' appeal.

Hughes first argues that the Board acted contrary to law by imposing a sanction that exceeds the remaining balance of his judicially-imposed maximum sentence when it recomputed his maximum parole date to November 1, 2018. Although phrased in various ways, it is clear that this argument rests entirely on Hughes' mistaken belief that the maximum *date* of his sentence, rather than the maximum *length* of his sentence, is controlling for purposes of recalculating his parole violation maximum date.

Section 6138(a)(1) Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). If the parolee is recommitted as a CPV, he must serve the remainder of the term that he would have been compelled to serve had parole not

4

been granted (i.e., "backtime"), with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. Section 6138(a)(2), (2.1) of the Code, 61 Pa. C.S. §6138(a)(2), (2.1). If a new state sentence is imposed, the parolee must serve the balance of the original sentence *prior* to commencement of the new term. Section 6138(a)(5)(i) of the Code, 61 Pa. C.S. §6138(a)(5)(i).[4]

When Hughes was paroled on December 29, 2013, 1,094 days remained on his original sentence. C.R. at 98-99, 54, 57. He was recommitted as a CPV and returned to the Board's custody on November 3, 2015. The Board's recommitment order properly added the remainder of his original sentence, 1,094 days, to the date of his return to the Board's custody. Thus, when the Board imposed backtime, the Board *did not impose an additional sentence* on Hughes but, rather, directed Hughes to *complete the original judicially-mandated sentence. Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989). *See also Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (noting that the Board's action in recommitting a parolee "had no effect" upon the parolee's judicially-imposed sentence). Accordingly, Hughes' argument that the Board erred in extending his new maximum parole date beyond the maximum date of his original sentence is meritless.

Hughes also argues that the Board erred in denying him credit for time he spent at liberty on parole. Hughes asserts that Section 6138 of the Code requires the Board to credit a parolee with street time prior to an arrest on new charges where

---

[4] In contrast, Section 6138(c) of the Code provides that a technical parole violator (a parolee who violates the terms and conditions of his parole other than by the commission of a crime) will be given credit for street time served in good standing prior to the parolee's recommitment. 61 Pa. C.S. §6138(c).

no warrants or other circumstances exist. In this regard, also, Hughes is mistaken, as the Code expressly provides to the contrary:

> If the parolee's recommitment [as a CPV] is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

Section 6138(a)(2) of the Code, 61 Pa. C.S. §6138(a)(2).[5]

Finally, Hughes contends that the Board's failure to credit him for time served pursuant to the Board's detainer is contrary to law, particularly where the Board's detainer has "stripped" his right to be released on bail. Petition for Review ¶3(b). As to this issue, the law is settled:

> [I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his new sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980) (emphasis in original); *Hammonds v. Pennsylvania Board of Probation and Parole*, 143 A.3d 994, 997 (Pa. Cmwlth. 2016). Here, Hughes did not post bail on the new criminal charges, and the Board's detainer did not affect his ability to do so. Accordingly, this argument also is meritless.

---

[5] Hughes does not raise any issue implicating the Board's discretion under Section 6138(a)(2.1) of the Code, 61 Pa. C.S. §6138(a)(2.1). We note that the Board appears to have satisfied the requirements of *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d, 466, 474-75 (Pa. 2017), by noting on the Hearing Examiner's report, "Revoke street time – continued drug activity." C.R. at 89.

We recognize that the arguments raised by Hughes are persistently raised on appeals from Board decisions. Thus, we reiterate that "backtime" is that part of an existing judicially-imposed sentence that the Board directs a parolee to complete, following a civil administrative hearing and a finding that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole. When Hughes was released on parole, 1,094 days remained on his prior sentence, which is the difference between his original maximum sentence date (December 27, 2016), and his parole date (December 29, 2013). The remainder of Hughes' prior sentence did not begin to run until he was returned to the Board's custody on November 3, 2015. Hughes was not entitled to credit for the period of time he was at liberty on parole, 61 Pa. C.S. §6138(a)(2), or the period of time he was incarcerated on both the new criminal charges and the Board's detainer. *Gaito.* Thus, the Board properly added 1,094 days to November 2, 2015, and correctly recalculated Hughes' maximum parole date to November 1, 2018.

Accordingly, we grant Counsel's application to withdraw and affirm the Board's decision.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Hughes,                        :
                                           :
                    Petitioner             :
                                           :
              v.                           :   No. 433 C.D. 2017
                                           :
Pennsylvania Board                         :
of Probation and Parole,                   :
                                           :
                    Respondent             :


O R D E R


AND NOW, this 14th day of February, 2018, the Application to Withdraw as Counsel filed by David Crowley, Esq., is GRANTED, and the decision of the Pennsylvania Board of Probation and Parole, dated March 6, 2017, is AFFRIMED.


_____
MICHAEL H. WOJCIK, Judge