# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Christian Oliver,                :
                          Petitioner   :
                                       :
        v.                             :   No. 1335 C.D. 2017
                                       :   Submitted: April 20, 2018
Pennsylvania Board of Probation        :
and Parole,                            :
                          Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: May 24, 2018**

Brian Christian Oliver (Oliver) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief. Oliver argues the Board erred by recalculating his maximum sentence date and denying him credit for time spent at liberty on parole. Upon review, we affirm the Board's order.

## I. Background

In March 2014, Oliver received a sentence of one year and nine months to six years in state prison for possession with intent to deliver a controlled substance. Certified Record (C.R.) at 1-4. The original maximum date of his sentence was June 7, 2018. Id. at 1.

On May 4, 2015, the Board paroled Oliver to a community corrections center. Id. at 40-43. However, Oliver was arrested 40 days later, on June 13, 2015, for failing to report to his approved residence. Id. at 46-47, 49. In September 2015, the Board recommitted Oliver to serve six months of backtime as a technical parole violator. Id. at 62-64.

The Board reparoled Oliver to an approved home plan on December 13, 2015. Id. at 67-68. On February 6, 2016, Easton police arrested Oliver and charged him with several new offenses. Id. at 71-76. The Board lodged its detainer against Oliver the next day. Id. at 79. Oliver failed to post bail on the new criminal charges. Id. at 89. Supervision notes of March 7, 2016 stated the charges were withdrawn. Id. at 97. On March 9, 2016, the Board placed Oliver back on reparole. Id. at 93. However, on March 12, 2016, Oliver failed to report to his assigned group home and was declared delinquent. Id. at 97.

Easton police again arrested Oliver on March 21, 2016, charging him with driving under the influence (DUI). Id. at 95-98. The Board lodged its detainer against him the same day. Id. at 95. Oliver waived his right to a violation hearing and admitted he violated conditions of his parole. Id. at 99-101. In April 2016, the Board recommitted him to serve nine months of backtime as a technical parole violator, subject to change, pending disposition of the DUI charge. Id. at 119-21. The Board recalculated Oliver's maximum sentence date from June 7, 2018 to June 16, 2018, based on the nine days he was delinquent from March 12, 2016, until his arrest on March 21, 2016. Id. at 122. Oliver did not appeal that recalculation order.

On April 26, 2016, bail was set for Oliver on the DUI charge. Petitioner's Br., App. C at 2. The record does not indicate that Oliver posted bail. See id. (indicating blank bail posting date). His time in custody from April 26 to October 29, 2016[1] was credited against his eventual sentence on the DUI conviction. Id.

In January 2017, Oliver was convicted on the DUI charge and received a sentence of three days to six months on his DUI conviction. Id.; Supplemental Certified Record (S.C.R.) at 1A-2A. Oliver waived his right to a revocation hearing before the Board and admitted to DUI while on reparole. S.C.R. at 3A.

In June 2017, the Board issued a decision recommitting Oliver as a convicted parole violator (CPV) to serve nine months of backtime. C.R. at 135-36. The Board gave Oliver no credit for his time spent at liberty on parole. Id. at 129, 134. In addition, the Board recalculated Oliver's maximum sentence date as March 25, 2019. Id. at 135-36; S.C.R. at 4A.

Oliver sought administrative review by the Board, asserting several challenges to the Board's recalculation of his maximum sentence date. C.R. at 137-43. In a letter response, the Board affirmed its decision. C.R. at 148.

The Board's letter explained that at the time Oliver was paroled on December 13, 2015, he had 907 days remaining on his original maximum sentence.

_____

[1] October 29, 2016 was six months from the date bail was set on the DUI charge. As Oliver did not post bail, the Board apparently counted those six months as time served on the DUI conviction. See Petitioner's Br., App. C at 2.

Id. His recommitment as a CPV required him to serve the remainder of that sentence. Id. The Board also indicated that Oliver forfeited 40 days at liberty on parole from May 4 to June 13, 2015. Id. This brought the total days remaining on his original sentence to 947 (907 + 40). See id.; S.C.R. at 4A.

The Board credited 31 days of confinement time for Oliver's detention from February 7 to March 9, 2016. C.R. at 148; S.C.R. at 4A. The Board also recognized that before Oliver received his sentence on the DUI charge on January 6, 2017, he was detained on that charge for more than the six month maximum of his eventual sentence. C.R. at 148. Accordingly, the Board credited to his original sentence the 39 days in excess of six months during which Oliver remained in custody before his conviction and sentencing on the DUI charge. Id.; S.C.R. at 4A. Thus, the Board credited a total of 70 days (31 + 39) against the remaining time on Oliver's original sentence. C.R. at 148. This brought the total days remaining on his original sentence to 877 (947 – 70). Id.

Starting October 29, 2016, Oliver began accruing backtime credit.[2] S.C.R. at 4A. From that date, the Board added the 877 days remaining to be served. This brought his new maximum sentence date to March 25, 2019.[3] C.R. at 148.

---

[2] See note 1 above.

[3] The Board's recommitment order dated May 23, 2017 reflected an additional credit of 69 days of backtime served from October 29, 2016 to January 6, 2017, leaving 808 days remaining to be served. Supplemental Certified Record (S.C.R.) at 4A. The recommitment order then recalculated the maximum sentence date by adding 808 days starting January 6, 2017. Id. The resulting recalculated date was the same: March 25, 2019. Id.

Oliver now petitions for review to this Court.

## II. Issues

On appeal,[4] Oliver contends the Board impermissibly altered a judicial sentence by recalculating his maximum sentence date. He further asserts the Board imposed backtime that exceeded the entire remaining balance of his original sentence. He argues the Board improperly failed to credit the time he served on his parole detainers, as well as the time he spent at liberty on parole, against his sentence.

## III. Discussion
## A. Recalculation of the Maximum Sentence Date

Oliver first argues the Board exceeded its legal authority in recalculating his maximum sentence date. Oliver's brief does not make clear whether he believes the Board erred in performing any recalculation at all, or whether he believes the Board actually added time to his original sentence. In either case, his argument lacks merit.

The General Assembly expressly authorized the Board to recalculate the maximum date of a sentence beyond the original date, where it is not adding to the total length of the sentence. Hughes v. Pa. Bd. of Prob. & Parole, 179 A.3d 117 (Pa. Cmwlth. 2018) (maximum length of sentence, not maximum date, is controlling); Ruffin v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017), 2017 Pa. Commw. Unpub. LEXIS 506 (unreported). Such a

---

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013).

recalculation accounts for periods during which a prisoner is not actually serving his sentence. Vann v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 1067 C.D. 2017, filed April 10, 2018), 2018 Pa. Commw. Unpub. LEXIS 209 (unreported). In recalculating a maximum sentence date, the Board does not unconstitutionally usurp judicial sentencing power. Ruffin. Further, the Board's authority to recalculate the maximum sentence date does not violate a prisoner's due process rights. Id. Thus, to the extent Oliver suggests the Board lacked authority to recalculate his maximum sentence date, he is incorrect.

When a parolee violates the terms and conditions of his parole, the Board may recommit him to serve all or part of the remainder of his sentence. Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496 (Pa. Cmwlth. 2012). The time served on recommitment is known as backtime. Id. Thus, backtime cannot exceed the time remaining on the original judicial sentence. Id. By definition, when the Board imposes backtime, it does not alter a judicially imposed sentence; it simply requires the prisoner to serve some or all of the time remaining on the original sentence. See id.; Berrios v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 905 C.D. 2016, filed November 30, 2017), 2017 Pa. Commw. Unpub. LEXIS 882 (unreported).

Here, Oliver suggests the Board imposed nine months of backtime in addition to the time remaining on his original sentence. He is incorrect. The Board's recommitment order and its letter decision affirming that order both make clear that the Board credited all backtime against Oliver's remaining sentence. See C.R. at 148; S.C.R. at 4A.

6

The record does not support Oliver's contention that the Board added any time to his original sentence. Rather, the recalculated date reflected six months served on Oliver's separate DUI sentence, nine days of pre-arrest delinquent time, time spent in custody on criminal charges because of failure to post bail (discussed in section B below), and forfeiture of time spent at liberty on parole (discussed in section C below).

### B. Time in Custody on Board Detainers

Oliver next argues the Board erred in failing to award him credit for time he served in custody on Board detainers. We discern no merit in this argument.

Where a prisoner is held in custody solely on the Board's detainer, the time in custody is credited against his original sentence. Hughes (citing Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980)). However, where the prisoner is also held in custody because he failed to post bail on new criminal charges, that time in custody can be credited only against his sentence, if any, on the new charges. Id.

Here, in both instances where the Board lodged detainers, Oliver was already in custody on new criminal charges. In both instances, bail was set, but he failed to post bail. In the first instance, the criminal charges were ultimately withdrawn, and the Board gave Oliver credit against his original sentence for his detention time. C.R. at 71-76, 79, 89, 97, 148; S.C.R. at 4A. In the second instance, the Board gave Oliver credit against his original sentence for the amount of detention time that exceeded the sentence he ultimately received on the new criminal charge. Petitioner's Br., App. C at 2; S.C.R. at 4A. Under Gaito and Hughes, Oliver was not

7

entitled to any other credit against his original sentence for the portion of his time in custody, on either Board detainer, during which he was also being held because of failure to post bail.

## C. Denial of Credit for Time at Liberty on Parole

Finally, Oliver argues the Board erred in its refusal to credit his time at liberty on parole from May 4 to June 13, 2015, in recalculating his maximum sentence date. Oliver acknowledges the Board's discretion to deny such credit under 61 Pa. C.S. §6138(a)(2.1). However, he contends the Board violated the constitutional requirements articulated in Pittman v. Pennsylvania Board of Probation and Parole, 159 A.3d 466 (Pa. 2017), because it did not articulate its reasons for denying credit. This argument is without merit.

## 1. Waiver

As a threshold matter, we address the Board's contention that Oliver waived the issue of credit for time spent at liberty on parole, by failing to assert it in his administrative appeal. Contrary to the Board's argument, Oliver did sufficiently raise the credit issue.

On his Administrative Remedies form, Oliver checked boxes identifying the reasons for his appeal to the Board. Those reasons included "Sentence Credit Challenge." C.R. at 137. In the accompanying Administrative Appeal form, Oliver more specifically alleged errors of law, including "failure to credit time-spent in good-standing while on parole …." C.R. at 140 (emphasis

8

omitted). Citing authority, he asserted he was "entitled to [credit for] street time served in good-standing …." Id.

In his administrative appeal forms, Oliver did not specifically allege that the Board failed to offer a reason for denying credit for time spent at liberty on parole. However, that issue is fairly subsumed within the issue of credit for time spent at liberty on parole as raised in the administrative appeal forms. The averments in the Administrative Remedies and Administrative Appeal forms gave the Board sufficient notice that Oliver was questioning the Board's reasoning for the denial of credit. See Anderson v. Talaber, 171 A.3d 355 (Pa. Cmwlth. 2017).

## 2. Compliance with Pittman

Nonetheless, Oliver is incorrect in asserting that the Board failed to comply with Pittman.

In Pittman, the Board denied the petitioner credit for time at liberty on parole. The Board did not explain its decision; it simply checked the "No" box on the Hearing Report form. Id. at 469. Our Supreme Court held that because the Board did not explain its exercise of discretion to deny credit, the appellate courts had no means to understand the basis for the Board's decision. Therefore, the Board violated the petitioner's right under the Article V, Section 9 of the Pennsylvania Constitution to appeal from an administrative agency decision. Accordingly, our Supreme Court's pronouncement in Pittman requires the Board to articulate a reason when it denies credit for time spent at liberty on parole. Ruffin.

9

Here, the Board did so.  At page 8 of its Hearing Report dated March 30, 2017, the Board panel stated:  "Recommend NOT awarding credit for street time at liberty on parole.  Subject's supervision has been extremely poor.  Offender is a risk to the community due to erratic behaviors displayed when under the influence of controlled substances/alcohol."  C.R. at 134.  This was a sufficient articulation of the Board's reasoning as required by Pittman.  See Hughes (Board's notation denying credit for time at liberty on parole because of continued drug activity satisfied Pittman);  Vann (Board's statement that it denied credit for time at liberty on parole because of prior supervision failures and unresolved drug and alcohol problems was sufficient under Pittman); Ruffin (Board appropriately exercised discretion to deny credit for time at liberty on parole, where its hearing report stated it denied credit because of petitioner's drug use and refusal to cooperate with police investigation); Seward v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 199 C.D. 2016, filed March 17, 2017), 2017 Pa. Commw. Unpub. LEXIS 178 (unreported) (Board sufficiently articulated reason for denying credit for time at liberty on parole, where decision stated petitioner was violent offender, absconded while on parole, was not amenable to parole supervision, and constituted threat to community).[5]

---

[5] This Court decided Seward v. Pennsylvania Board of Probation and Parole (Pa. Cmwlth., No. 199 C.D. 2016, filed March 17, 2017), 2017 Pa. Commw. Unpub. LEXIS 178 (unreported) while Pittman v. Pennsylvania Board of Probation and Parole, 159 A.3d 466 (Pa. 2017) was pending on appeal before our Supreme Court.  We distinguished Pittman because in Seward, as here, the Board did articulate a reason for denying credit for time at liberty on parole.

10

## IV. Conclusion

Based on the foregoing discussion, we affirm the Board's order recalculating Oliver's maximum sentence date.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Christian Oliver,                          :
                              Petitioner         :
                                                 :
              v.                                 :      No. 1335 C.D. 2017
                                                 :
Pennsylvania Board of Probation                  :
and Parole,                                      :
                              Respondent         :

# **O R D E R**

AND NOW, this 24th day of May, 2018, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge