# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Kennedy,                          :
                  Petitioner          :
                                  :
             v.                          :    No. 846 C.D. 2020
                                    :    SUBMITTED: September 23, 2022
Pennsylvania Parole Board,                :
                  Respondent      :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED:  November 17, 2022**

        Joseph Kennedy petitions for review of an order of the Pennsylvania Parole Board, which denied his administrative appeal of his parole violation maximum sentence date.  In addition, Kennedy's counsel, Richard C. Shiptoski, Esquire, has filed a petition for leave to withdraw as counsel, asserting that Kennedy's petition is without merit.  After review, we grant counsel's petition and affirm the Board's order.

        In 2010 and 2011, Kennedy was sentenced to two consecutive terms of one to three years each – the first for carrying a firearm without a license, and the second for criminal conspiracy and manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.  (Certified Record "C.R." at 1.) Kennedy's original maximum date was May 12, 2016; however, following his initial release on parole and subsequent recommitment as a parole violator, the Board

recalculated his maximum date as August 16, 2019. (*Id.* at 1-2.) Kennedy was again released on parole on February 9, 2017, but was arrested on May 9, 2017, and charged with manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, simple possession, and firearm offenses.[1] (*Id.* at 8, 12-14.)

On May 10, 2017, the Board lodged a detainer for Kennedy. (*Id.* at 16.) That same day bail was set on Kennedy's new charges at one million dollars (10%), which he did not post; therefore, he remained in custody on both the new criminal charges and the Board's detainer.[2] (*Id.* at 53.) On April 5, 2018, Kennedy pled guilty to one count each of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, and possession of a firearm prohibited. (*Id.* at 28, 53-54, 58.) The remaining charges were *nolle prossed* and Kennedy was sentenced to 3 years, 6 months to 10 years of imprisonment. (*Id.* at 28, 55, 58.) As a result of this new conviction, in September 2018, the Board recommitted Kennedy to a state correctional institution to serve 24 months of backtime as a convicted parole violator and recalculated his parole violation maximum date as December 11, 2020.[3] (*Id.* at 62-63.) The Board did not award

---

[1] The criminal complaint and arrest report issued following Kennedy's arrest indicate that he was found to be in possession of three firearms, one of which had an obliterated or altered serial number. (C.R. at 13-14.)

[2] We note that on May 17, 2017, Kennedy waived his right to a detention hearing before the Board. (C.R. at 24.)

[3] While Kennedy's recalculated parole violation maximum date has passed, he remains incarcerated under the jurisdiction of the Pennsylvania Department of Corrections. *See* Inmate/Parolee Locator, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited November 16, 2022). As such, this matter is not moot because any error in the recalculation of his maximum date could affect the timing of subsequent sentences he may now be serving. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42 n.2 (Pa. Cmwlth. 2010).

Kennedy credit for time spent at liberty on parole for the stated reason: "conviction involved possession of a weapon." (*Id.* at 62.)

In October 2018, Kennedy filed an administrative appeal contending that the Board erred or abused its discretion in failing to award credit against his original sentence for his presentence confinement and time at liberty on parole, and that the Board incorrectly calculated his maximum sentence date. (*Id.* at 64-67.) Kennedy further argued that the Board lacked the authority to recalculate his maximum sentence date. (*Id.* at 66.) By decision with a mailing date of July 31, 2020, the Board denied Kennedy's appeal, explaining that its recommitment of Kennedy as a convicted parole violator authorized it to both deny him credit for time spent at liberty on parole and recalculate his maximum sentence date. (*Id.* at 86-88.) The Board noted that its decision to deny Kennedy credit for time at liberty on parole was based on the fact that his new conviction involved possession of a weapon, and that this reasoning satisfied the requirements announced in *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017). The Board further explained that Kennedy had 918 days remaining on his sentence at the time he was paroled in February 2017, and that his recalculated maximum sentence date reflects that remaining balance of time. (*Id.* at 86.) Finally, the Board noted that Kennedy's presentence confinement was not solely on the Board's detainer and, thus, was credited to his new sentence, not the backtime remaining on his original sentence. (*Id.* at 87.)

Kennedy appealed to this Court and counsel subsequently filed a petition for leave to withdraw as counsel, along with an *Anders* brief,[4] asserting that Kennedy's claims are frivolous. In a memorandum opinion filed on May 11, 2021,

---

[4] Following counsel's filing of the petition and brief in support thereof pursuant to *Anders v. State of California*, 386 U.S. 738 (1967), Kennedy filed a brief on his own behalf.

3

this Court noted that we could not determine the timeliness of Kennedy's administrative appeal based upon the record before us. *See Kennedy v. Pa. Parole Bd.* (Pa. Cmwlth., No. 846 C.D. 2020, filed May 11, 2021) (*Kennedy I*), slip op. at 4-5. As such, we remanded the matter to the Board to make a factual determination and/or explain the date discrepancies noted in our opinion. *Id.*, slip op. at 5. We also held counsel's petition for leave to withdraw as counsel pending the Board's remand decision. *Id.* The Board has since certified a supplemental record to the Court, including its Administrative Action of June 1, 2021, in which it found Kennedy's administrative appeal to be timely.[5] (Suppl. C.R. at 3A.)

The remand having been completed, we must first address counsel's petition to withdraw and determine whether he has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, the following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) he must notify [the] parolee of [the] request to withdraw; (2) he must furnish [the] parolee with a copy of an *Anders* brief or no-merit letter; and (3) he must advise [the] parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

---

[5] The Board specifically found that its revocation decision was mailed on September 25, 2018, and that Kennedy's administrative appeal was signed on October 24, 2018, and received by the Board on October 31, 2018. (Suppl. C.R. at 3A.) Because the envelope containing Kennedy's administrative appeal was not postmarked, the Board accepted the October 24, 2018 date as the mailing date, pursuant to the prisoner mailbox rule, making Kennedy's administrative appeal timely. (*Id.*) *See Kennedy I*, slip op. at 3-4 (discussing import of prisoner mailbox rule).

4

*Banks v. Pa. Bd. of Prob. & Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003) (footnote omitted).  Further, "[c]ounsel's brief or no-merit letter[6] must set forth: (1) the nature and extent of his review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit . . . ." *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted).

Upon review of counsel's petition and accompanying *Anders* brief, it is clear that he satisfied both the procedural and substantive requirements necessary to withdraw as counsel.  With regard to the procedural requirements, counsel: (1) notified Kennedy of his request to withdraw as counsel; (2) furnished Kennedy with a copy of his petition to withdraw and *Anders* brief in support thereof; and (3) advised Kennedy of the right to retain new counsel, to proceed pro se, and to raise any additional issues that he deems worthy of review by this Court.  Further, in his *Anders* brief, counsel set forth: (1) the nature of his review of the case; (2) the issues that Kennedy sought to raise in his petition for review; and (3) an explanation as to why he believed that the issues are without merit.

Turning to our review of the merits of the petition for review, Kennedy first claims that the Board abused its discretion by denying him credit for his time spent at liberty on parole.  Despite Kennedy's argument to the contrary, the Board has discretion to award a convicted parole violator credit for the time spent at liberty on parole, except where he or she is recommitted for the reasons stated in Section 6138(a)(2.1)(i) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2.1)(i), which

---

[6] Where, as here, "an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Seilhamer*, 996 A.2d at 42-43.

does not apply here.[7]  Further, the Board must articulate the basis for its decision to grant or deny credit for that time.  *Pittman*, 159 A.3d at 474.  "[T]he reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances."  *Id.* at 475 n.12.  Here, the Board justified its decision to recommit Kennedy without credit for the time he spent at liberty on parole by explaining that Kennedy's new conviction involved possession of a weapon.  (C.R. at 62.)  We have repeatedly held that this exact reason is sufficient, under *Pittman*, to support the Board's decision to deny credit.  *See, e.g.*, *Carroll v. Pa. Parole Bd.* (Pa. Cmwlth., No. 756 C.D. 2020, filed March 30, 2021), slip op. at 6; *Hayward v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1735 C.D. 2017, filed July 18, 2018), slip op. at 5.[8]  Given the above and the level of deference owed to the Board, we find that it did not abuse its discretion when it denied Kennedy credit for his time spent at liberty on parole.

Next, Kennedy argues that the Board lacked the authority to extend or recalculate his sentence, as imposed by the sentencing judge.  Even if it has such authority, Kennedy claims that the Board erred in its recalculation because it failed to give him credit for the time he spent incarcerated solely on the Board's warrant.  While it is true that "the Board does not have the power to alter a judicially[ ]imposed sentence," it may require a parolee to serve the remaining balance of his unexpired term.  *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000).

---

[7] Kennedy erroneously claims that Section 6138(a)(2.1)(i) of the Prisons and Parole Code provides that the Board *must* grant a parolee credit for time spent at liberty on parole when he commits a crime other than those specifically listed in that section.

[8] We cite our previous unreported memorandum opinions for their persuasive value, not as binding precedent.  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).  The Court's decisions in *Carroll* and *Hayward* are particularly persuasive as they include the same reasoning by the Board for denying credit.

*See also Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (citing 61 Pa.C.S. § 6138(a)(2), (2.1), and explaining that if parolee is recommitted as convicted parole violator, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted, i.e., backtime). Here, rather than improperly extending a judicially imposed sentence, the Board merely determined that Kennedy, as a convicted parole violator, owed 918 days of backtime on his original sentence, and recalculated accordingly. (C.R. at 86.) Finally, the record does not support Kennedy's contention that he posted bail on his most recent criminal charges. (*See* C.R. at 53, 56-57, 87.) Accordingly, Kennedy's argument that he was held solely on the Board's warrant, and is therefore entitled to credit against his original sentence, is meritless. *See Hughes*, 179 A.3d at 121-22 [citing *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980)].[9]

For the foregoing reasons, we agree that Kennedy's appeal is without merit. Accordingly, we grant counsel's petition for leave to withdraw and affirm the Board's order.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[9] Kennedy attempts to raise additional arguments in his pro se brief, including issues surrounding previous decisions of the Board, his claim that his maximum sentence date expired prior to his most recent arrest, and a challenge to his custody for return date. However, these arguments have been waived because they were not included in either Kennedy's administrative appeal or his petition for review. *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) (issues not raised either before the Board or in a petition for review are waived). Moreover, the only arguments properly before the Court are those pertaining to the Board's decision underlying this appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Kennedy,            :
           Petitioner      :
           :
       v.            :    No. 846 C.D. 2020
           :
Pennsylvania Parole Board,    :
           Respondent    :

# O R D E R

AND NOW, this 17th day of November, 2022, Richard C. Shiptoski, Esquire's petition to withdraw as counsel is GRANTED and the order of the Pennsylvania Parole Board is AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita