IN THE COMMONWEALTH COURT OF PENNSYLVANIA

P. O.,                    :
          Petitioner      :
                       :
      v.                    :
                       :
Pennsylvania State Police,    :    No. 133 M.D. 2023
          Respondent    :    Submitted: December 9, 2024[1]

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                FILED: December 23, 2024

Before the Court, in our original jurisdiction, is the Application for Summary Relief (Application)[2] filed by P.O. (Petitioner) seeking relief from his sexual offender registration requirements in Pennsylvania under the Act of February 21, 2018, P.L. 27 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140 (Act 29) (collectively, SORNA II). For the reasons stated herein, we deny the Application.

---

[1] This matter was assigned to the panel for disposition on December 9, 2024.

[2] An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. *See* Pa.R.A.P. 1532(b); *Jubelirer v. Rendell*, 953 A.2d 514 (Pa. 2008); *Eleven Eleven Pa., LLC v. Commonwealth*, 169 A.3d 141 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, this Court "view[s] the evidence of record in the light most favorable to the non-moving party and enter[s] judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Eleven Eleven*, 169 A.3d at 145 (internal quotation marks omitted).

# I. Statutory Framework

By way of brief statutory background, beginning in 1995, Pennsylvania's General Assembly has enacted a series of statutes and amendments requiring sex offenders living in the Commonwealth to register for varying periods of time with the Pennsylvania State Police (PSP) based on their convictions for certain sexual offenses. The General Assembly enacted the first of these statutes, commonly known as Megan's Law I, *formerly* 42 Pa.C.S. §§ 9791-9799.6, in 1995, followed five years later, in 2000, by what is commonly known as Megan's Law II, *formerly* 42 Pa.C.S. §§ 9791-9799.7. In 2004, the General Assembly enacted what is commonly known as Megan's Law III, *formerly* 42 Pa.C.S. §§ 9791-9799.9, which remained in effect until the enactment of the Sexual Offender Registration and Notification Act (SORNA I), 42 Pa.C.S. §§ 9799.10-9799.41, in 2012. On July 19, 2017, the Pennsylvania Supreme Court decided *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), in which it held that a portion of SORNA I violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions by increasing registration obligations on certain sex offender registrants. Thereafter, in 2018, to clarify that sex offender registration provisions were not *ex post facto* punishment, the General Assembly enacted SORNA II.

## II. Background and Procedural History

The facts underlying this matter are relatively straightforward and not in dispute. Following his jury trial conviction on one count each of luring a child into a motor vehicle (Luring)[3] and stalking[4] (collectively, the Predicate Offenses) on

---

[3] 18 Pa.C.S. § 2910.

[4] 18 Pa.C.S. § 2709.1.

2

April 27, 2009, the Court of Common Pleas of York County (Trial Court) sentenced Petitioner to an aggregate term of incarceration of one year less a day to two years less two days and further ordered Petitioner to be subject to Pennsylvania's sex offender registration requirements. Megan's Law III was in effect at the time Petitioner was charged with and convicted of the Predicate Offenses and required that Petitioner register as a sex offender for a period of 10 years.

Petitioner reached the maximum sentence date on the Predicate Offenses on May 2, 2010, but remained incarcerated on a federal immigration detainer until his release on January 21, 2011. Petitioner failed to timely register as a sex offender and, on January 27, 2011, was taken into custody anew and charged with failing to comply with sex offender registration requirements (Registration Violation). Petitioner was found guilty of the Registration Violation on August 18, 2011, and received a sentence of two to four years' incarceration on October 19, 2011. After serving the four-year maximum sentence on the Registration Violation conviction, Petitioner was released from incarceration on January 27, 2015. Following Petitioner's release from prison on the Registration Violation sentence, PSP notified Petitioner that his active sex offender registration date was January 14, 2015.[5] As such, Petitioner's sex offender registration period is set to expire on January 14, 2025.

Petitioner filed his Petition for Writ of Mandamus (Mandamus Petition) in this Court's original jurisdiction on March 14, 2023, alleging that his 10-year sex offender registration period should have run from May 2, 2010, the date of the expiration of his incarceration on the Predicate Offenses sentences, through May 2, 2020 as opposed to the currently scheduled January 14, 2015, through January 14,

---

[5] *See* SORNA Registration Sheet, Exhibit E to the Petition for Writ of Mandamus.

2025. *See* Mandamus Petition at 5-12. Petitioner seeks mandamus and injunctive relief in an attempt to require PSP to remove him from the sex offender registry and terminate his obligation to register as a sex offender effective May 2, 2020. *See* Mandamus Petition at 12.

Petitioner filed the instant Application seeking summary relief based on the Mandamus Petition on March 16, 2023. PSP filed its "Answer and New Matter to the Petition for Review" on May 12, 2023.[6] The parties have briefed the issues and argued the matter, which now come before this Court for determination.

### III. Discussion

The Application here is in the nature of mandamus, which seeks to compel the performance of a ministerial act or mandatory duty. *See Savage v. Storm*, 257 A.3d 187, 191 (Pa. Cmwlth. 2021). As this Court has explained:

> To prevail in mandamus, a petitioner must demonstrate (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) there are no other adequate and appropriate remedies at law. A mandatory duty is one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority. Mandamus is an extraordinary remedy and may not be used to establish legal rights.

*Id.* (internal quotation marks and citations omitted); *see also Dotterer v. Sch. Dist. of Allentown*, 92 A.3d 875, 880 (Pa. Cmwlth. 2014).

Here, no dispute exists that Petitioner is subject to a 10-year sex offender registration requirement as a result of the Predicate Offenses sentence. *See* Application at 7-8; *see also* 42 Pa.C.S. § 9799.55(a)(1)(ii) (mandating 10-year sex

---

[6] Petitioner filed Petitioner's Reply to New Matter of Respondent on June 1, 2023.

4

offender registration period for individuals convicted of Luring committed on or after January 26, 2005, but before December 20, 2012).[7] Petitioner argues, however,

---

[7] Section 9799.55(a)(i) provides:

> **(a) Ten-year registration.--**Except as provided under subsection (a.1) or (b), the following individuals shall be required to register with the Pennsylvania State Police for a period of 10 years:
>
> (1)(i)(A)Individuals convicted within this Commonwealth of any of the following offenses committed on or after April 22, 1996, but before December 20, 2012:
>
>> 18 Pa.C.S. § 2901 (relating to kidnapping) where the victim is a minor.
>>
>> 18 Pa.C.S. § 3126 (relating to indecent assault) where the offense is graded as a misdemeanor of the first degree or higher.
>>
>> 18 Pa.C.S. § 4302 (relating to incest) where the victim is 12 years of age or older but under 18 years of age.
>>
>> 18 Pa.C.S. § 5902(b) or (b.1) (relating to prostitution and related offenses) where the actor promotes the prostitution of a minor.
>>
>> 18 Pa.C.S. § 5903(a)(3), (4), (5) or (6) (relating to obscene and other sexual materials and performances) where the victim is a minor.
>>
>> 18 Pa.C.S. § 6312 (relating to sexual abuse of children).
>>
>> 18 Pa.C.S. § 6318 (relating to unlawful contact with minor).
>>
>> 18 Pa.C.S. § 6320 (relating to sexual exploitation of children).
>
> (B) Individuals convicted within this Commonwealth of an offense set forth in clause (A) who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after

that the sex offender registration requirement tolling provision contained in SORNA

II's Section 9799.56(a)(3)[8] applies only where a registrant has been recommitted for

April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

(ii) Individuals convicted within this Commonwealth of any of the following offenses committed on or after January 26, 2005, but before December 20, 2012:

18 Pa.C.S. § 2910 (relating to luring a child into a motor vehicle or structure).

18 Pa.C.S. § 3124.2 (relating to institutional sexual assault).

42 Pa.C.S. § 9799.55(a)(i), (ii).

[8] Section 9799.56(a) provides:

(a) Registration.

(1)

(i) Offenders and sexually violent predators shall be required to register with the Pennsylvania State Police as specified in section 9799.54 (relating to applicability).

(ii) Offenders and sexually violent predators shall be required to register with the Pennsylvania State Police upon release from incarceration, upon parole from a State or county correctional facility or upon the commencement of a sentence of intermediate punishment or probation.

(iii) For purposes of registration, offenders and sexually violent predators shall provide the Pennsylvania State Police with all current or intended residences, all information concerning current or intended employment and all information concerning current or intended enrollment as a student.

6

(2) Offenders and sexually violent predators shall inform the Pennsylvania State Police within three business days of:

(i) A change of residence or establishment of an additional residence or residences. In the case of an individual who has a residence as defined in paragraph (2) of the definition of "residence" in section 9799.53 (relating to definitions), the individual shall inform the Pennsylvania State Police of the following:

(A) the location of a temporary habitat or other temporary place of abode or dwelling, including a homeless shelter or park, where the individual is lodged;

(B) a list of places the individual eats, frequents and engages in leisure activities and any planned destinations, including those outside this Commonwealth; and

(C) the place the individual receives mail, including a post office box.

The duty to provide the information specified in this subparagraph shall apply until the individual establishes a residence as defined in paragraph (1) of the definition of "residence" in section 9799.53. If the individual who has a residence as defined in paragraph (2) of the definition of "residence" in section 9799.53 changes or adds to the places listed in this subparagraph during a 30-day period, the individual shall list these when reregistering during the next 30-day period.

(ii) A change of employer or employment location for a period of time that will exceed 14 days or for an aggregate period of time that will exceed 30 days during a calendar year, or termination of employment.

(iii) A change of institution or location at which the person is enrolled as a student, or termination of enrollment.

(iv) Becoming employed or enrolled as a student if the person has not previously provided that information to the Pennsylvania State Police.

7

(2.1) Registration with a new law enforcement agency shall occur no later than three business days after establishing residence in another state.

(3) The registration period required in section 9799.55(a) and (a.1) (relating to registration) shall be tolled when an offender is recommitted for a parole violation or sentenced to an additional term of imprisonment. In such cases, the Department of Corrections or county correctional facility shall notify the Pennsylvania State Police of the admission of the offender.

(4) This paragraph shall apply to all offenders and sexually violent predators:

(i) Where the offender or sexually violent predator was granted parole by the Pennsylvania Parole Board or the court or is sentenced to probation or intermediate punishment, probation with restrictions or is placed in the State drug treatment program, the board or county office of probation and parole shall collect registration information from the offender or sexually violent predator and forward that registration information to the Pennsylvania State Police. The Department of Corrections or county correctional facility shall not release the offender or sexually violent predator until it receives verification from the Pennsylvania State Police that the Pennsylvania State Police have received the registration information. Verification by the Pennsylvania State Police may occur by electronic means, including e-mail or facsimile transmission. Where the offender or sexually violent predator is scheduled to be released from a State or county correctional facility because of the expiration of the maximum term of incarceration, the Department of Corrections or county correctional facility shall collect the information from the offender or sexually violent predator no later than 10 days prior to the maximum expiration date. The registration information shall be forwarded to the Pennsylvania State Police.

(ii) Where the offender or sexually violent predator scheduled to be released from a State or county correctional facility due to the maximum expiration date refuses to provide the registration information, the Department of Corrections or county correctional facility shall notify the Pennsylvania State Police or police

8

a parole violation or sentenced to an additional term of incarceration on the original sentence(s) that triggered the registrant's sex offender requirements in the first place, which, in the instant matter, would be the Predicate Offenses. *See* Application at 7-14; *see also* Mandamus Petition at 11. This claim turns on whether the tolling provisions contained in Section 9799.56(a)(3) pertain to all of an offender's sentences/incarceration or is restricted only to the sentence that required the offender to register as a sex offender and periods of incarceration attendant thereto. This claim presents a question of statutory interpretation.

Prior to engaging in an exercise of statutory interpretation regarding the Section 9799.56(a)(3) tolling provisions, however, we must first determine whether Petitioner was a registered sex offender while incarcerated to determine whether the tolling provisions of Section 9799.56(a)(3) are implicated at all herein. This Court has observed that sex offender registration is a mandatory duty that places an affirmative obligation on a registrant to register with PSP. *See J.B. v. Pa. State Police*, 288 A.3d 946, 952 (Pa. Cmwlth. 2023). A registrant's term of years on the sex offender registry does not commence until such registration is accomplished. *See J.B.*, 288 A.3d at 953. Here, the record is clear that Petitioner did not register as a sex offender upon his initial release from incarceration in January of 2011, ultimately resulting in his conviction and incarceration on the Registration Violation. In fact, Petitioner did not register as a sex offender herein until January 14, 2015, two weeks prior to his release on the Registration Violation sentence. *See* SORNA Registration Sheet, Exhibit E to the Petition for Writ of Mandamus. Therefore,

---

department with jurisdiction over the facility of the failure to provide registration information and of the expected date, time and location of the release of the offender or sexually violent predator.

42 Pa.C.S. § 9799.56(a).

9

because Petitioner's registration term of years did not commence until he complied with his affirmative and mandatory duty to register, the Section 9799.56(a)(3) tolling provisions do not apply to his periods of incarceration that predate his January 14, 2015 registration date, and he cannot avail himself of any credit toward his registration period for periods of incarceration prior to that date. *See J.B.* This leaves only the two-week period between Petitioner's sex offender registration date of January 14, 2015, and his January 27, 2015 release from incarceration during which the SORNA II tolling periods could conceivably apply under Section 9799.56(a)(3). Petitioner is not entitled to credit toward his sex offender registration term for this period of incarceration.

Regarding the statutory interpretation question regarding the Section 9799.56(a)(3) tolling provisions as they pertain to the two-week period during which Petitioner was both registered as a sex offender and incarcerated, we initially observe that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). This Court has observed:

> In ascertaining and effectuating legislative intent, we are mindful a statute's plain language generally provides the best indication of legislative intent. *See Com. v. McClintic*, 909 A.2d 1241 (Pa. 2006). Thus, statutory construction begins with examination of the text itself. *Se. Pa. Transp. Auth. v. Holmes*, 835 A.2d 851 (Pa. Cmwlth. 2003).
>
> In reading the plain language of a statute, "words and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a). Further, every statute shall be construed, if possible, to give effect to all its provisions so

10

that no provision is "mere surplusage." 1 Pa.[]C.S. § 1921(a).

Moreover, although we must "listen attentively to what a statute says[,] one must also listen attentively to what it does not say." *Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.*, 788 A.2d 955, 962 (Pa. 2001). We may not insert a word the legislature failed to supply into a statute.

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). "However, if we deem the statutory language ambiguous, we must then ascertain the General Assembly's intent by statutory analysis, wherein we may consider numerous relevant factors." *Bowman v. Sunoco, Inc.*, 65 A.3d 901, 906 (Pa. 2013) (citing 1 Pa.C.S. § 1921(c)). "An ambiguity exists when language is subject to two or more reasonable interpretations and not merely because two conflicting interpretations may be suggested." *Tri-Cnty. Landfill, Inc. v. Pine Twp. Zoning Hearing Bd.*, 83 A.3d 488, 510 (Pa. Cmwlth. 2014).

*Interstate Gas Supply, Inc. v. Pub. Util. Comm'n*, 298 A.3d 1181, 1187-88 (Pa. Cmwlth. 2023) (emphasis and brackets omitted).

Here, Section 9799.56(a)(3) directs that "[t]he registration period required in section 9799.55(a) . . . shall be tolled when an offender is recommitted for a parole violation or sentenced to an additional term of imprisonment." 42 Pa.C.S. § 9799.56(a)(3). Thus, Section 9799.56(a)(3) expressly requires the tolling of sex offender registration requirements in two separate and distinct circumstances: first, when an offender is recommitted as a parole violator;[9] and second, when an

---

[9] Section 6138(a)(1) of the Prisons and Parole Code, 61 Pa.C.S. §§ 101-7301, allows the Pennsylvania Parole Board (Parole Board) to recommit paroleees who commit and are convicted of crimes punishable by imprisonment while on parole. *See* 61 Pa.C.S. § 6138(a)(1). Further,

offender is sentenced to an additional term of imprisonment. *See* 42 Pa.C.S. § 9799.56(a)(3).

We cannot agree with Petitioner's interpretation that the text of Section 9799.56(a)(3) limits the required tolling of sex offender registration periods to a situation where the recommitment or additional term of incarceration relates to the predicate criminal sentence that initially required an offender to register as a sex offender. *See* Application at 7-14; *see also* 42 Pa.C.S. § 9799.56(a)(3). The text of Section 9799.56(a)(3) simply provides no such restriction of tolling periods.[10] Additionally, Petitioner's preferred reading of Section 9799.56(a)(3) – that the section allows tolling only for recommitment on a parole violation or the imposition of an additional term of incarceration that relates back to the original term of

_____

Pennsylvania's General Assembly has expressly authorized the Board to recalculate the maximum date of a sentence beyond the original date, where such recalculation does not add to the total length of the sentence. *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (explaining that the maximum length of the sentence, not the maximum sentence date, is controlling). Such a recalculation accounts for periods during which a prisoner is not actually serving his sentence. *See Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018), slip op. at 6. It is well settled that, when recalculating the sentence of a convicted parole violator (CPV), the Parole Board does not encroach upon judicial powers, but merely requires the parole violator to serve his entire sentence under the authority granted by the General Assembly. *See Young v. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979) (explaining that the Parole Board's recalculation of a CPV's sentence "is not an encroachment upon the judicial sentencing power"); *see also Ruffin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017), slip op. at 8-9 (citing *Young* for the proposition that "in exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power but rather is operating under the express authority granted to it by the General Assembly").

[10] We observe that Section 9799.15(c), which tolls sex offender registration during periods where, *inter alia*, an offender is "incarcerated in a Federal, State or county correctional institution, excluding a community contract facility or community corrections center[,]" likewise does not restrict such periods of incarceration to those related to a sex offender's initial registration predicate offense. 42 Pa.C.S. § 9799.15(c)(1)(i).

12

incarceration that initially required an offender to register as a sex offender – conflates and combines the two tolling mechanisms provided in Section 9799.56(a)(3). *See* Application at 7-13.

Obviously, an individual required to register as a sex offender may complete his term of incarceration for the sentence that triggered his term of sex offender registration, and then, while still within the term of required registration for that offense, commit and be convicted and sentenced to a term of imprisonment for a separate crime. Having completed his predicate sentence, the offender would, at that time, be subject neither to recommitment for parole violation nor to an additional term of incarceration on the first sentence. However, the second of the Section 9799.56(a)(3) tolling periods would apply in such a situation because the offender would have been sentenced to an additional term of incarceration. Thereafter, if paroled on the second crime, the individual could violate his parole and be recommitted as a convicted parole violator, triggering the first of the two Section 9799.56(a)(3) tolling circumstances. Again, nothing in the text of the statute limits these tolling circumstances to the predicate crimes that require an individual to register as a sex offender in the first place. *See* 42 Pa.C.S. § 9799.56(a)(3).

Further, limiting the second statutory tolling circumstance to predicate registration offenses would render the "sentenced to an additional term of imprisonment" text of the statute meaningless. A trial court sentencing a convicted criminal defendant sets forth definite parameters for a criminal offender's term of incarceration – a maximum and a minimum – for a given conviction. As has been explained:

> Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. . . . *See also* 42 Pa.C.S.[] § 5505 (stating except as

13

> otherwise provided or prescribed by law, court upon notice
> to parties may modify or rescind any order within 30 days
> after its entry, notwithstanding prior termination of any
> term of court, if no appeal from such order has been taken
> or allowed). Nevertheless, once the thirty-day period
> expires, the trial court usually loses the power to alter its
> orders.

*Commonwealth v. Kremer*, 206 A.3d 543, 548 (Pa. Super. 2019)[11] (quotation marks and some internal citations omitted). In other words, a sentence once imposed by a trial/sentencing court does not change.[12] Accordingly, Petitioner could not have been sentenced to an additional term of incarceration on the Predicate Offenses. The only tolling circumstance applicable to the Predicate Offenses sentences specifically, therefore, would be a recommitment for parole violation on those sentences. Therefore, Petitioner's interpretation of the Section 9799.56(a)(3) tolling circumstances renders the "sentenced to an additional term of imprisonment"

---

[11] While not binding on this Court, decisions of the Superior Court of Pennsylvania may provide persuasive authority where they address analogous issues. *See Young v. City of Scranton*, 291 A.3d 1245, 1251 n.11 (Pa. Cmwlth. 2023); *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[12] We acknowledge that a sentence can ostensibly be lengthened where resentencing results from a successful request for reconsideration to the trial court made within 30 days of the imposition of sentence or as the result of an appeal to the Superior Court (where the Commonwealth challenges a criminal sentence as too lenient, for instance). In actuality, however, either scenario results in the vacation of the original judgment of sentence and the imposition of a lengthier sentence upon resentencing. Such a second sentence does not represent an "additional term of imprisonment." Instead, sentences imposed upon resentencing are the only operable sentence for the conviction in question, the first sentence having been rendered a nullity by either a trial court grant of reconsideration or an appellate court's vacation of the judgment of sentence. Additionally, if later paroled, the offender could then violate his parole on this now-operative sentence and be recommitted to serve the remainder of that sentence as a convicted parole violator, but such recommission would constitute the completion of the offender's operative sentence, and not an additional term of imprisonment.

language ineffective and mere surplusage and accordingly is contrary to the rules of statutory interpretation. *See Interstate Gas*, 298 A.3d at 1187-88.

For these reasons, the two-week period between Petitioner's registration as a sex offender and his release from prison are subject to the tolling provisions of Section 9799.56(a)(3) and Petitioner is not entitled to a credit for this period toward his overall 10-year sex offender registration requirement.

Finally, to the extent Petitioner raises a due process claim, he is not entitled to relief. Petitioner's due process argument consists of one paragraph in which he summarily concludes that because he was subject to unauthorized tolling, his due process rights have been violated. Petitioner's argument is so sparse as to flirt with waiver. However, to the extent Petitioner has properly preserved and adequately briefed it, we reject Petitioner's due process claim in the instant matter for the reasons discussed *supra*.[13]

## IV. Conclusion

For the above reasons, Petitioner is not entitled to credit towards his sex offender registration term for periods of incarceration during which he was not a registered sex offender and Section 9799.56(a)(3) of SORNA II tolled his remaining period of incarceration. Accordingly, Petitioner is not entitled to relief, and we deny the Application.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[13] To the extent Petitioner's due process argument in some way relates to his underlying convictions on the Predicate Offenses, we observe that Petitioner received all required process by being found guilty of the Predicate Offenses after a full jury trial.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

P. O.,                                    :
                        Petitioner        :
                                          :
            v.                            :
                                          :
Pennsylvania State Police,                :     No. 133 M.D. 2023
                        Respondent        :


# **O R D E R**


AND NOW, this 23rd day of December, 2024, the Application for Summary Relief filed by P.O. is DENIED.


_____
CHRISTINE FIZZANO CANNON, Judge