IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Ivory,                                      :
        Petitioner           :
                             :
        v.                   :
                             :
Pennsylvania Parole Board,                       :   No. 1380 C.D. 2022
        Respondent           :   Submitted: October 10, 2023


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON             FILED: November 17, 2023


        Mark Ivory (Ivory) petitions for review from the November 16, 2022 order of the Pennsylvania Parole Board (Board), which denied his challenge to the Board's recalculation of his parole violation maximum sentence date. Ivory is represented by Victoria Hermann, Esquire (Counsel), who has filed a Motion to Withdraw As Counsel (Motion to Withdraw) asserting that Ivory's Petition for Review is without merit and seeks permission to withdraw as counsel. For the following reasons, we deny the Motion to Withdraw.

## I. Background

        On February 7, 2013, Ivory received a sentence of 4 to 15 years of incarceration following convictions for possession of a controlled substance with

intent to deliver[1] and conspiracy to commit the same (the Original Sentences).[2] *See* Certified Record (C.R.) at 1, 3. After receiving credit for pre-sentence incarceration, Ivory's minimum and maximum sentence dates on the Original Sentences were December 1, 2015, and December 1, 2026, respectively. *See* C.R. at 1. Ivory was released on parole from the Original Sentences on March 5, 2019.[3] *See id.* at 4.

On December 11, 2019, the Board issued a Warrant to Commit and Detain (First Warrant) based on Ivory's multiple technical parole violations. *See* C.R. at 15. On December 24, 2019, Ivory was recommitted to serve six months as a technical parole violator (TPV) with automatic reparole on June 11, 2020. *See id.* at 18-22.

Following Ivory's reparole on June 11, 2020, on January 13, 2021, the Board issued a second Warrant to Commit and Detain (Second Warrant) based on Ivory's arrest on new drug charges. *See* C.R. at 25-27. On September 17, 2021, Ivory was convicted of the new drug charges and sentenced to 30 to 60 months of incarceration (New Conviction). *See id.* at 27. By decision dated October 14, 2021 (October 2021 Board Decision),[4] the Board ordered Ivory to serve 36 months' backtime[5] as a convicted parole violator (CPV). *See* C.R. at 67-70. The October

---

[1] Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903. Ivory's conspiracy sentence was to be served concurrently to the possession with intent to deliver sentence. *See* Certified Record (C.R.) at 1.

[3] Ivory was granted parole by Board Decision recorded on November 29, 2018. *See* C.R. at 4, 6. His actual date of release, however, was March 5, 2019. *See id.* at 15.

[4] Ivory waived his revocation hearing. *See* C.R. at 29.

[5] "Back[time] is that part of an existing judicially imposed sentence which the Board directs a parolee to complete following a finding . . . that the parolee violated the terms and conditions of

2

2021 Board Decision also noted that the recommitment was ordered pending the resolution of separate new charges in Blair County (Blair County Charges). *See* C.R. at 67.

Ultimately, by separate Board Decision recorded June 9, 2022 (June 2022 Board Decision), the Board denied Ivory credit for time spent at liberty on parole due to the similarity between his original Pennsylvania conviction and the New Conviction. *See* C.R. at 71. The June 2022 Board Decision further noted Ivory's intervening conviction for the Blair County Charges, but determined that no further action would be taken as to that conviction. *See* C.R. at 71. Ivory filed a *pro se* administrative appeal that sought to have the Board reconsider his recalculated maximum sentence and its decision not to award him credit for time spent at liberty on parole.[6] *See* C.R. at 57-67. Ivory argued that the Board lacked the authority to deny him credit for time spent at liberty on parole where the October 2021 Board Decision had not denied such credit and where the June 2022 Board Decision

---

parole . . . ." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 499 (Pa. Cmwlth. 2012); *see also* 37 Pa. Code § 61.1 (Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled.").

[6] Ivory accomplished his administrative appeal through multiple documents/filings: First, by letter dated November 5, 2021, Ivory expressed to the Board his desire to appeal the Board's October 2021 Board Decision. *See* C.R. at 73. In the letter, Ivory explained that the restrictions attendant to the COVID-19 quarantine block in which he was then housed prevented him from filing a proper appeal and further that he intended to file a proper request for administrative relief upon his release from COVID-19 quarantine and his return to his home jail. *See id.* On December 1, 2021, Ivory completed and filed an administrative remedies form seeking relief from his recommitment as ordered by the October 2021 Board Decision. *See id.* at 75. Thereafter, on January 31, 2022, Ivory's attorney filed an administrative remedies form alleging that Ivory was not granted credit for time served, presumably by the October 2021 Board Decision. *See id.* at 77. Following the issuance of the June 2022 Board Decision, Ivory filed another administrative remedies form on July 18, 2022, claiming the Board erred in the June 2022 Board Decision by denying him credit for time spent at liberty on parole where the June 2022 Board Decision indicated that no further action would be taken as to the Blair County Charges. *See id.* at 79.

3

indicated that no further action would be taken as to the Blair County Charges. *See* C.R. at 79, 81-82.

By letter mailed November 16, 2022, the Board denied Ivory's administrative appeal. *See* C.R. at 70-71. Later, in affirming the October 2021 Board Decision and June 2022 Board Decision, the Board explained:

> [Ivory's] administrative appeal . . . seeks relief from the 36-month recommitment term. The [October 2021 Board Decision] recommitted Ivory to serve 36 months for the offense of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver Heroin (F) ([]PWID[]) which carries a presumptive range of 24 to 36 months, as outlined in 37 Pa. Code §§ 75.1-75.2.[7] Because the 36-month term falls within that range, it is . . . not subject to challenge. *Smith v.* [*Pa. Bd.*] *of Prob*[*. &*] *Parole*, 574 A.2d 558 (Pa. 1990)[.]
>
> [I]n the *pro se* administrative remedies form received on July 18, 2022 (postmarked 7/14/2022), Ivory claims the Board erred in denying him credit for the time spent at liberty on parole. The decision on whether to grant or deny a CPV credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code[8] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa.C.S. § 6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman v.* [*Pennsylvania Board of Probation & Parole*, 159 A.3d 466, 474 (Pa. 2017),], the Board must articulate

---

[7] Section 75.1 of Pennsylvania Code Title 37 provides that "presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a convicted parole violator after the appropriate revocation hearing." 37 Pa. Code § 75.1(a). Section 75.2 provides a 24-to-36-month presumptive range for felony violations of [The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101–780-144]. *See* 37 Pa. Code § 75.2.

[8] 61 Pa. C.S. §§ 101-6309.

the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole. In this case, the Board articulated that Ivory was denied such credit because his new conviction was the same or similar in nature to his original crimes. Considering that he was on parole for PWID and Criminal Conspiracy to Commit PWID[] and that he suffered a new conviction for PWID, the reason provided is sufficient and supported by the record.

C.R. at 84-85.

On December 15, 2022, Ivory, through Counsel,[9] filed a timely Petition for Review with this Court. On January 3, 2023, Counsel filed a *Turner*/*Finley* Letter[10] and the Motion to Withdraw with this Court. Thereafter, on March 17, 2023, the Court executed an order informing Ivory that he could either obtain substitute counsel at his own expense to file a brief on his behalf, or he could file a *pro se* brief on his own behalf within 30 days of the service of the order. On March 17, 2023, Ivory filed a Motion for Change of Appointed Counsel. On March 24, 2023, Ivory filed a "Traverse and Rebuttal to Attorney's Tu[r]ner/Finley Letter" (Ivory's Brief) that argued Counsel misconstrued his arguments and/or confused them with the arguments of another client, that he was entitled to credit for time spent at liberty on parole, and that Counsel provided ineffective assistance of counsel. On May 8, 2023,

---

[9] Ivory is incarcerated and indigent and Counsel is providing free legal service on behalf of the Public Defender's Office of Forest County for the purpose of the instant appeal before this Court. *See* Verification to Proceed In Forma Pauperis filed December 15, 2022.

[10] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit, although it may not be "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)) (internal quotation marks omitted). Such letters go by many names in the Commonwealth, including "no-merit letter," "*Finley*" letter, "*Turner* letter," and "*Turner*/*Finley* letter." *See Anderson*, 237 A.3d at 1204 n.2.

the Court entered an order directing that Ivory's Motion for Change of Appointed Counsel be decided with the Motion to Withdraw.

## II. Issues

In the *Turner*/*Finley* Letter, Counsel identified the following issues for this Court's review:[11] first, that the Board unlawfully recommitted Ivory for 36 months' incarceration; second, that the Board erred by failing to give Ivory credit for time spent at liberty on parole; and third, that the Board erred by revoking a previously awarded credit for time spent at liberty on parole. *See* Pet. for Rev. at 3; *see also Turner*/*Finley* Letter at 1. In his brief, Ivory states that he has not received credit for time spent in custody awaiting trial on the New Convictions as well as not having received credit for time spent at liberty on parole. *See* Ivory's Br. at 2. Ivory also argues that the Board erred by revoking a previously awarded street time credit. *See id.* at 3-4. Ivory further avers that Counsel argued claims he did not wish to raise and otherwise confused his case with the case of some other client and that, therefore, Counsel's representation amounts to ineffective assistance of counsel. *See id.* at 1-2, 4-5.

## III. Application to Withdraw

Before addressing the validity of the substantive arguments, we must assess the adequacy of the *Turner*/*Finley* Letter. As this Court has explained:

> A *Turner*[/*Finley*] letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. As long as a *Turner*[/*Finley*] letter satisfies these basic requirements,

---

[11] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

6

we may then review the soundness of a petitioner's request for relief. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their [sic] client.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (internal citations, quotation marks, and original brackets omitted). This Court has further explained that

> [i]t is important to highlight that the purpose of a no-merit letter is to ensure that court-appointed counsel has discharged his or her duty to carefully assess any claims available to an indigent appellant. Furthermore, the failure to discharge such duty will hinder our independent examination of the merits of the appeal.

*Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43-44 (Pa. Cmwlth. 2010) (internal quotation marks, brackets, ellipses, and citations omitted).

Here, Counsel has not satisfied the technical requirements for a *Turner/Finley* letter. Specifically, in only two places does the *Turner/Finley* Letter arguably refer to the nature and extent of Counsel's review. At the beginning of the *Turner/Finley* Letter, Counsel explains to Ivory that "[t]his letter is to address the issues you raised in your parole appeal, filed December 15, 2022." *Turner/Finley* Letter at 1 (pagination supplied). Later, Counsel prefaces her conclusion that Ivory's issues lack merit by stating: "After carefully reviewing your parole appeal and researching the issues you have raised . . . ." *Id.* at 2. Neither of these statements adequately describes the nature or extent of Counsel's review so as to satisfy this

7

basic requirement of *Turner*/*Finley* letters.[12]  By failing to describe the nature and extent of her review, Counsel has failed to satisfy the basic technical requirements of a *Turner*/*Finley* letter.[13]  As such, we will not review the merits of Ivory's Petition for Review at this time.

Accordingly, the Motion to Withdraw is denied without prejudice. Counsel has 30 days from the filing of this opinion to either file an amended petition for leave to withdraw, along with an adequate *Turner*/*Finley* letter, or submit a brief on the merits of Ivory's Petition for Review and the claims raised in Ivory's Brief.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[12] We acknowledge that, in the Motion to Withdraw, Counsel states: "I have reviewed [Ivory's] request regarding the denial of his administrative relief/parole appeal and determined that there was no merit to the argument." *See* Motion to Withdraw.  In addition to not being included in the *Turner*/*Finley* Letter sent to Ivory, this statement fails to meaningfully detail the nature and extent of her review of the matter in arriving at this assessment of the merits.

[13] We observe that Ivory's averments in his *pro se* brief to this Court that Counsel misunderstood his claims and/or has confused the facts of his case with those of another client, raised claims regarding the lawfulness of his recommitment and/or the Board's authority to recalculate his maximum sentence that Ivory claimed not to have raised, and failed to raise Ivory's claim regarding credit for pre-trial detention, lend support to the notion that Counsel may have inadequately reviewed the matter.  *See* Ivory Br. at 1-3.

8

Mark Ivory,                            :
             Petitioner         :
                            :
       v.                     :
                            :
Pennsylvania Parole Board,      :    No. 1380 C.D. 2022
             Respondent   :

## O R D E R

AND NOW, this 17th day of November, 2023, the Motion to Withdraw As Counsel filed by Victoria Hermann, Esquire (Counsel), in the above-captioned matter is hereby DENIED without prejudice. Counsel is directed, within 30 days from the date of this order, to either file a renewed petition for leave to withdraw as counsel, along with an adequate *Turner*/*Finley*[1] letter, or submit a brief on the merits of Mark Ivory's (Ivory's) Petition for Review and the issues raised in Ivory's *pro se* "Traverse and Rebuttal to Attorney's Tu[r]ner/Finley Letter" filed March 27, 2023.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).